BANK OF DOVER *v.* JONES.

4-4313

Opinion delivered May 18, 1936.

*C. C. Wait,* for appellant.

*Robert Bailey, Reece A. Caudle, A. S. Hays* and *J. M. Smallwood,* for appellees.

McHANEY, J. Appellant sued appellees in August, 1933, on a past-due promissory note for $252.67 and interest, and at the same time sued out a writ of attachment, on the ground that appellees were nonresidents of the State, which was levied on a 180-acre tract of land owned by appellee, Mrs. H. Jones, who is the mother of appellee Bud Jones. Service was had upon them in the State of Texas under the provisions of § 1157, Crawford & Moses' Digest. Bud Jones did not answer, but Mrs. H. Jones answered November 6, 1933, denying generally the allegations of the complaint, and particularly denying that she was a resident of the State of Texas, and alleged that she is a resident of the State of Arkansas and had been all her life; that she had lived on the attached lands practically all her life and that she claims the same as her homestead; that she had reared a large family of children thereon, had never abandoned it and had never been out of the State except on a visit. This answer was not verified and no motion was made to require it. On October 31, 1934, Mrs. H. Jones sold and conveyed to her son, Bud Jones, 160 acres of said tract, and on the same day sold and conveyed the remaining 20 acres to Ida Mae Jones, wife of Bud Jones. About the same time Bud Jones and his wife moved upon the 160-acre tract, made it their home and have since resided thereon. On April 2, 1935, a consent judgment was entered against appellees in the sum of $330 and the matter of the attachment was continued. Thereafter, on December 2, 1935, execution was issued on said judgment and levied on said 180-acre tract. Bud Jones filed his schedule claiming the 160 acres bought by him as his homestead, and Ida Mae Jones intervened claiming the 20-acre tract as her separate property. A supersedeas was issued to Bud Jones by the clerk allowing his claim of homestead. On January 13, 1936, an adjourned day of the November term of circuit court, appellant renewed its motion to have its attachment sustained and moved to quash the supersedeas. The court permitted Mrs. H.

Jones to verify her answer over appellant's objections and dissolved the attachment, refused to quash the supersedeas, sustained the schedule of Bud Jones and allowed his claim of homestead to the 160-acre tract. The court made no order as to the 20-acre tract on the intervention of Ida Mae Jones except to take same under advisement and except that the attachment as to the whole 180-acre tract was dissolved. The case is here on appeal.

Appellant says two questions are presented for our consideration: 1. Should the attachment have been sustained? 2. Should the supersedeas have been quashed? We assume, for the purpose of this decision, that the affidavit for attachment was properly verified; also that service was had on appellees in Texas under § 1157 of Crawford & Moses' Digest. We think it unimportant whether the answer of Mrs. H. Jones, sometimes referred to as Maggie Jones, was verified or not. We are also of the opinion that the court did not abuse its discretion in permitting her to verify her answer when it became apparent that appellant sought to take some advantage of her failure to do so. It is undisputed in this record that 160 acres of the 180-acre tract was the homestead of Mrs. H. Jones. The Constitution of this State, art. 9, § 3, provides: ''The homestead of any resident of this State * * * shall not be subject to the lien of any judgment or decree of any court, or to sale under execution, or process thereon,'' with certain exceptions not pertinent here. Since appellant's attachment was levied on the homestead of Mrs. H. Jones, it was a nullity as to so much of the land as constituted the homestead not to exceed 160 acres of the value of $2,500 to be selected by her. Const., art. 9, § 4. Moreover, it is also undisputed that Mrs. H. Jones was never a nonresident of this State. Her answer or motion to dissolve the attachment so states, and appellant declined to offer proof of the alleged ground of attachment, to-wit, nonresidence, and therefore his attachment fails and constituted no lien as to any part of the 180-acre tract. Therefore the court correctly dissolved the attachment as to the whole tract.

As to whether the schedule of Bud Jones was properly allowed, the facts are that at the time his mother conveyed to him the 160-acre tract, there was no judgment against him. He immediately entered into possession and impressed it as a homestead. There is no showing made that its value is in excess of $2,500. We assume that the same 160 acres was the homestead of Mrs. H. Jones, and, if so, there can be no question of fraudulent conveyance as to it, for, as to the homestead, there are no creditors, other than the exceptions mentioned in the Constitution. *Stanley* v. *Snyder,* 43 Ark. 429.

The trial court took under advisement the question of the intervention of Ida Mae Jones as to the 20-acre tract, and does not appear to have rendered any final judgment thereon. So that matter is not before us.

The judgment must be affirmed.