NORFLEET *v.* NORFLEET.

5-489                                      268 S. W. 2d 387

Opinion delivered May 31, 1954.

*Fletcher Long,* for appellee.

GEORGE ROSE SMITH, J.   This is a divorce case, in which the chancellor granted a divorce to the appellee. The appellant filed her notice of appeal pursuant to § 2 of Act 555 of 1953, Ark. Stats., 1947, § 27-2106.1, but she failed to docket the case in this court within the ninety days allowed by § 20 of the Act.   Ark. Stats., § 27-2127.1. The appellee has brought up a partial record and has moved for a dismissal of the appeal.   The question is whether this is the correct procedure under Act 555.

The material facts are simple.   On January 9, 1954, the chancellor announced his decision in a letter sent to

the attorneys in the case. The precedent for the decree was not prepared and signed by the chancellor until a week or ten days later. Hence the appeal is governed solely by Act 555, for we have provided by our Rule 26 that appeals cannot be taken under the former statutes from judgments or decrees "entered" after January 10, 1954. Here the decree was rendered on January 9, but it was not entered until some days later. The distinction lies in the fact that the rendition of a judgment is a judicial act on the part of the court, while the entry of a judgment is a ministerial act performed by the clerk. *McConnell v. Bourland*, 175 Ark. 253, 299 S. W. 44.

The appellant filed her notice of appeal on January 22, but she appears to have taken no other action toward perfecting her appeal. More than ninety days after January 22 the appellee filed a partial record here and asked that the appeal be dismissed. Both the special chancellor who tried the case and the regular chancellor have certified that no extension of time for lodging the record in this court has been requested or granted. Counsel for the appellant, having been served with a copy of the motion to dismiss and the printed brief in support thereof, have informed us that they do not intend to respond to the motion.

This is a situation not expressly covered by Act 555. Section 2 of the Act (§ 27-2106.1) provides that if an appeal has not been docketed in the Supreme Court "the parties, with the approval of the trial court, may dismiss the appeal by stipulation filed in that court, or that court may dismiss the appeal upon motion and notice by the appellant." There is, however, no provision authorizing the trial court to dismiss the appeal upon motion of the appellee alone.

Section 17 of the Act (§ 27-2127.9) permits a party to file a partial record in the appellate court for the purpose of making a motion for dismissal. It is under this section that the appellee is now proceeding.

We think that the course adopted by this appellee is correct and that the appeal should be dismissed. The

reason that an order of dismissal is appropriate lies in that part of § 2, *supra,* which provides that, after an appellant has filed a timely notice of appeal: "Failure of the appellant to take any of the further steps to secure the review of the judgment or decree appealed from shall not affect the validity of the appeal, but shall be ground only for such action as the appellate court deems appropriate, which may include dismissal of the appeal."

This language is derived from Rule 73 (a) of the Federal Rules of Civil Procedure. The question now presented has frequently arisen in the federal courts, for Rule 73 (g) requires that the record on appeal be filed within forty days after the date of filing the notice of appeal, with power in the trial court to extend the time up to ninety days. The federal decisions hold that even though the appellant fails to lodge his record within forty days and fails to obtain an extension of time from the trial court, the appeal will not be dismissed if a valid excuse for the delay is shown. *Burke* v. *Canfield,* App. D. C., 111 F. 2d 526; *Miller* v. *U. S.,* 7th Cir., 117 F. 2d 256. Conversely, the appellee is entitled to have the appeal dismissed when no satisfactory reason for the delay is made to appear. *United States ex rel. Rempas* v. *Schlotfeldt,* 7th Cir., 123 F. 2d 109; *In re Gammill,* 7th Cir., 129 F. 2d 501.

In the case at bar the appellant filed a timely notice of appeal but took no further action for more than ninety days. The result was to leave the appellee in a state of uncertainty, as the appellant might either have abandoned the appeal or have intended to offer an excuse for the delay. In this situation the motion to dismiss, based upon a partial record, is the proper method of bringing the matter to an issue. Since the appellant does not see fit even to respond to the motion, the appeal must be dismissed. It is so ordered.