ANDREWS *v.* LAUENER.

5-1724                                          318 S. W. 2d 805

Opinion delivered December 22, 1958.

*J. Kenton Cochran,* for appellant.

*Richard Mobley,* for appellee.

WILLIAM J. SMITH, Associate Justice. This is an appeal from a decree by the Chancery Court of Pope County dismissing the appellants' action alleging that a mineral deed from Luller Etta Webb and John M. Webb to W. E. Lauener, conveying an undivided one-half interest in all oil, gas and other minerals in, under, and upon the following described lands lying in Pope County, Arkansas, to-wit: The South Half of the Northeast Quarter; Southeast Quarter of Northwest Quarter; Northeast Quarter of Southeast Quarter; all in Section 26, Township 9 North, Range 18 West, dated the 2nd day of August, 1929, appearing of record in book 4-E, page 526, of the Deed Records of Pope County, Arkansas, is a forgery.

The appellants first argue that the court erred in refusing to strike the appellees' answer. On December 11, 1957, appellant B. B. Andrews verified the appellants' complaint and on the next day the appellants filed a motion to strike the appellees' answer because it was not verified. This motion was not presented to the court until the appellants had completed their proof and the appellees had moved for dismissal on February 4, 1958. At that time the court permitted appellee W. E. Lauener to verify the answer in open court. We find no error in this procedure.

In construing Ark. Stats. 1947, Sec. 27-1105, pertaining to the verification of pleadings, we said in *Bank of Dover* v. *Jones,* 192 Ark. 740, 95 S. W. 2d 92, that the court did not abuse its discretion in permitting the defendant to verify her answer when it became apparent that the plaintiff sought to take advantage of her failure to do so.

The second point raised by the appellants is the contention that the court erred in denying their motion for

a continuance. In determining whether this point has any merit, we think it significant that the motion was not presented until the day the case was set for trial when the appellees and their witnesses were present and ready for trial; that this case was set on November 21, 1957, for trial on December 19, 1957, and continued due to the inability of the court to hear the matter on that date; and, on January 16, 1958, the case was set for trial on February 4, 1958. Certainly the appellants had sufficient notice of the trial date to be prepared. Further, they made no effort to comply with the statute pertaining to information to be filed in support of a motion for continuance, Ark. Stats. 1947, Sec. 27-1403. It is settled law, *Crisco* v. *Murdock Acceptance Corporation,* 222 Ark. 127, 258 S. W. 2d 551, that whether a continuance should be granted is a matter within the sound discretion of the trial court. We find nothing in the record to indicate an abuse of the court's discretion in denying this motion and in our opinion the appellants' argument on this point is without merit.

Next, the appellants urge that the court's findings are against the preponderance of the evidence.

Appellants B. B. Andrews and Luller Etta Webb did not attend the trial and testify, and the notary, R. L. Hillis, and W. L. Hamm, the witness to the mark of John M. Webb, were deceased.

The court heard voluminous testimony from nine witnesses in behalf of the appellants and four witnesses (including one hand-writing expert) in behalf of the appellees. Several of the appellants' witnesses limited their testimony to collateral issues. The appellants introduced six exhibits, and seventeen exhibits were introduced by the appellees. A great deal of this evidence was conflicting and we can see no useful purpose in summarizing it in this opinion. A careful review and consideration of all the evidence convinces us that the trial court's finding that the disputed deed is not a forgery is supported by a preponderance of the evidence. Having so determined the issue on the allegation of for-

gery, we do not reach the court's finding as to limitations and laches.

The fourth and last point argued by the appellants calls for a ruling on a question we have not decided since Act 555 of 1953 was enacted, Ark. Stats. 1947, Sec. 27-2106.1, *et seq.*

After giving notice of appeal but before the record was filed in this Court and the case was docketed in this Court, the appellants filed a motion to vacate the judgment, and the appellees then filed a motion to quash, on the ground that the court was divested of jurisdiction by the filing of notice of appeal. The motion to quash was granted and we have concluded that this was error. The trial court held that after notice of appeal was filed it retained limited jurisdiction and could act only pursuant to Ark. Stats. 1947, Sec. 27-2127.1 and Sec. 27-2129.1.

In construing Act 555 of 1953, we note that the General Assembly said: 'If an appeal has not been docketed in the Supreme Court . . ." (Sec. 27-2106.1); ". . . and if the action is not yet docketed with the appellate court . . ." (Sec. 27-2107.2); "The record on appeal shall be filed with the appellate court and the appeal there docketed . . ." (Sec. 27-2127.1); "Where the Supreme Court has acquired jurisdiction of a cause, but it is made to appear that the record is incomplete for want of documents, exhibits, or a bill of exceptions, and the trial court has lost such jurisdiction . . ." (Sec. 27-2129.2). In our opinion there is a clear legislative intent in this Act that after notice of appeal is filed the trial court retains jurisdiction of the case until the record (under proper circumstances a partial record, *Norfleet* v. *Norfleet,* 223 Ark. 751, 268 S. W. 2d 387) is filed with this Court and the appeal is docketed in this Court, and we so hold.

However, we have determined that this holding does not require that the case be reversed, because the motion to vacate does not allege facts sufficient to put in issue the chancellor's qualification.

The appellants' motion to vacate the judgment is predicated upon the allegation that the chancellor who rendered the decree against them was disqualified by reason of his former service, many years ago, as counsel in a similar case.

Article 7, Sec. 20 of the Constitution of the State of Arkansas is as follows:

"No judge or justice shall preside in the trial of any cause in the event of which he may be interested, or where either of the parties shall be connected with him by consanguinity or affinity, within such degree as may be prescribed by law; or in which he may have been of counsel or have presided in any inferior court."

We find no allegation indicating to us that the chancellor may be interested in the case; or, that the chancellor is connected with any party to the suit by consanguinity or affinity; or, that he has acted as counsel in this cause. The mere allegation that the chancellor acted as counsel in similar litigation many years ago between different parties is certainly not sufficient to put his qualification in issue in this case. Something more than a suggestion of disqualification is required to support such a motion. *Rowland* v. *State,* 213 Ark. 780, 213 S. W. 2d 370.

The appellees found it necessary to file a supplemental abstract, without which we could not have considered the merits of this case. Under our Rule 9(e) they have requested and are entitled to additional costs in the amount of $85.50.

The decree is affirmed.