STATE of Arkansas *v.* Richard B. ADKISSON

5617                                                 471 S.W. 2d 332

Opinion delivered October 4, 1971

*Jim Guy Tucker,* Prosecuting Attorney; *Robert J. Brown,* Asst. Pros. Atty., for petitioner.

*Gene Worsham,* for respondent.

Conley Byrd, Justice. The sole issue on this petition for writ of certiorari by Jim Guy Tucker, the Pulaski County Prosecuting Attorney, is whether the trial court has jurisdiction to hear a motion for new trial after a notice of appeal, pursuant to Act 333 of 1971, has been filed but before the appeal has been docketed in this court.

The record shows that Joe Franklin Calva, Larry Griffith and O. G. "Preacher" Mathis were found guilty of keeping a gambling house contrary to Ark. Stat. Ann. § 41-2001 (Repl. 1964). After sentence and the overruling of their motion for new trial, they filed a notice of appeal. At this time they moved to substitute counsel and to vacate judgment and sentence. The latter motion was premised upon a ruling the trial court had made in a companion case. Over the objection of the State that it was without jurisdiction, the trial court vacated the judgment, suppressed the evidence obtained under color of a search warrant and granted a new trial.

Prior to Act 333 of 1971, criminal appeals were governed by the provisions of the criminal code of 1868 as amended. Appeals in civil cases were controlled by the provisions of Act 555 of 1953. Act 555 modernized and

simplified the procedure for taking an appeal and obtaining review of alleged error. It also permitted a review of an alleged error without the technical requirement that exceptions be saved and that alleged errors be brought forth in a motion for new trial. In ruling on the identical issue here involved—*i.e.,* jurisdiction of a trial court following the filing of a notice of appeal in a civil case—in *Andrews* v. *Lauener,* 229 Ark. 894, 318 S. W. 2d 805 (1958), we said:

> "In construing Act 555 of 1953, we note that the General Assembly said: 'If an appeal has not been docketed in the Supreme Court. . .' (Sec. 27-2106.1); '. . .and if the action is not yet docketed with the appellate court. . .' (Sec. 27-2107.2); 'The record on appeal be filed with the appellate court and the appeal there docketed. . .' (Sec. 27-2127.1); 'Where the Supreme Court has acquired jurisdiction of a cause, but it is made to appear that the record is incomplete for want of documents, exhibits, or a bill of exceptions, and the trial court has lost such jurisdiction. . .' (Sec. 27-2129.2). In our opinion there is a clear legislative intent in this Act that after notice of appeal is filed the trial court retains jurisdiction of the case until the record (under proper circumstances a partial record, *Norfleet* v. *Norfleet,* 223 Ark. 751, 268 S. W. 2d 387) is filed with this Court and the appeal is docketed in this Court, and we so hold."

The procedure set up in Act 333 of 1971 for criminal appeals follows closely the civil appeal procedure established by Act 555. In fact the emergency clause of Act 333 provides:

> "WHEREAS, it is deemed that criminal appeals should, so far as is feasible, be consistent with the statutes governing civil appeals and, WHEREAS, injustice sometimes results from the use and application of the present statutes applicable to the appeal of criminal cases and, WHEREAS, some confusion exists as to the manner in which criminal appeals are perfected, this Act is necessary for the

protection of a public peace, health and safety, and an emergency is hereby declared to exist and this Act shall be in full force and effect from and after its passage and approval."

Petitioner cites cases from other states and federal courts in support of his position that the trial court lost jurisdiction upon the filing of the notice of appeal. However, because of the expressed legislative intent that appeals in criminal cases, so far as feasible, should be consistent with civil appeals, we find that we are bound by the holding in *Andrews* v. *Lauener, supra,* and that the petition must be denied.

Petition denied.