Bobby LOWERY *v.* WEST MEMPHIS TRANSPORTATION CO. AND HENRY ROBERTSON

73-98                                    500 S.W. 2d 375

Opinion delivered October 8, 1973

[Rehearing denied November 13, 1973.]

*Hodges, Hodges & Hodges,* for appellant.

*Hale, Fogleman & Rogers* and *Pickens, Boyce, Mc-Larty & Watson* by *James A. McLarty,* for appellees.

CARLETON HARRIS, Chief Justice. Bobby Lowery instituted suit in the Jackson County Circuit Court, alleging personal injuries by reason of a car - bus collision which occurred on September 8, 1971. Appellees, West Memphis Transportation Company and Henry Robertson, filed a general denial on November 26, 1971, and on January 18, 1972, appellees filed a motion asking that the complaint be dismissed because of a lack of verification and alleging improper venue on the basis of the contention that Lowery was not a resident of Jackson County, Arkansas, but rather a resident of Florida; that the commencement of the action in such county constituted a fraud upon the court. Appellant responded, denying the allegations and asserting that the deposition of Lowery reflected that he was a resident of Jackson County on the day of the accident, and that the venue was proper. It was further asserted that any defect in venue had been waived by the filing of an answer and the taking of the discovery deposition of Lowery by the attorney for the appellees. In this pleading, Lowery also offered to make the verification "pursuant to an order of this court." On February 7, 1972, the court entered its order denying the motion to dismiss, but not ordering verification of the complaint. On September 25, 1972, a pre-trial conference was held at

which time the court propounded the question, "Are there any jurisdictional questions?" Counsel for appellant replied in the negative, stating, "The pleadings are settled and the issues joined." No response to this question was made by counsel for appellees and subsequently during the conference, both sides asked for a continuance. On November 21, 1972, at another pretrial conference, appellee, West Memphis Transportation Company, moved to dismiss its complaint against two third parties who had been brought into the case as third party defendants in April, 1972, and also moved to amend its previously filed answer so as to reflect appellees' admission of liability for appellant's damages resulting from the collision of September 8, 1971. The court granted both motions and the answer stood a-mended.

On February 15, 1973, the case was called for trial. Before proceeding into the courtroom, a motion in limine, made by appellant, was heard, and after discussion by the attorneys on each side, the motion was granted in part. Thereafter, a jury was selected and after being admonished, a ten minute recess was given to the jury and the court and parties returned to chambers where appellees moved the court, under the provisions of Ark. Stat. Ann. § 27-1109 (Repl. 1962) (no verification) to dismiss the complaint. Appellant again offered to verify, but after hearing argument of counsel, the court granted the motion, dismissed the complaint without prejudice, and dismissed the jury. From the order so entered, appellant brings this appeal. While four points are asserted for reversal, all are closely related, and will be discussed together in this opinion.

Ark. Stat. Ann. § 27-1105 (Repl. 1962) provides that "Every pleading must be subscribed by the party or his attorney, and the complaint, answer and reply must each be verified by the affidavit of the party to the effect that he believes the statements thereof to be true; ***." Section 27-1109 provides that where complaints are filed without verification, as required by § 27-1105, the action shall not on that account be dismissed, if the verification "be made on or before the calling of the action for trial."

Appellees assert that the question of verification is important because they contend that appellant is not a resident of this state, thus having no right to institute suit in Jackson County, and that his failure to swear to the allegations in the complaint, is accordingly most pertinent to that contention. We do not consider that argument appealing, since Lowery's discovery deposition was taken by counsel for appellees on January 4, 1972, at which time counsel thoroughly questioned Lowery on various matters relating to residence, including where he was registered to vote at the last election, where he paid personal taxes, where various items of property are assessed, with whom he lived in Arkansas and Florida, and many other related matters. At the very outset of the deposition, the record recites that Lowery was "first duly sworn to tell the truth, the whole truth and nothing but the truth ***." Accordingly, if false statements were willfully made, and such statements established, this would tend to show fraud upon the court as much, or even more, than the allegations in the complaint, and if Lowery were mistaken as to what constituted residence under the statute, he still would not be guilty of deliberate falsification.

The verification certainly is not absolutely essential to the validity of the complaint, i.e., it does not deprive the court of jurisdiction, nor, under our prior interpretations of the statute, does the failure to verify require dismissal of the action. In *Pinkert* v. *Reagan,* 219 Ark. 822, 244 S.W. 2d 961, we pointed out that the purpose of the statute in requiring verification is to prevent a judgment from being taken on an unverified pleading alone, without any evidence being introduced. See, also *Parker* v. *Nixon,* 184 Ark. 1085, 44 S.W. 2d 1088. The case of *Andrews* v. *Lauener,* 229 Ark. 894, 318 S.W. 2d 805, involved the failure to verify an answer. (While the present action involves a complaint, the principle is the same for § 27-1105 requires verification for the complaint, answer, and reply.) We said:

"The appellants first argue that the court erred in refusing to strike the appellees' answer. On December 11, 1957, appellant B. B. Andrews verified the appellants' complaint and on the next day the

appellants filed a motion to strike the appellees' answer because it was not verified. This motion was not presented to the court until the appellants had completed their proof and the appellees had moved for dismissal on February 4, 1958. At that time the court permitted appellee W. E. Lauener to verify the answer in open court. We find no error in this procedure.

"In construing Ark. Stats. 1947, Sec. 27-1105, pertaining to the verification of pleadings, we said in *Bank of Dover* v. *Jones*, 192 Ark. 740, 95 S.W. 2d 92, that the court did not abuse its discretion in permitting the defendant to verify her answer when it became apparent that the plaintiff sought to take advantage of her failure to do so."

In *M. W. Elkins & Co.* v. *Ashley*, 195 Ark. 313, 112 S.W. 2d 627, appellant moved to dismiss the complaint because of the failure to verify, but we held the contention to be without merit, stating:

"Appellant's motion to dismiss for failure to verify was not filed until January 18, 1937. The depositions of Ross Mathis and W. P. Dawson, to be read in evidence on behalf of appellees, were filed September 14, 1936. The depositon of M. W. Elkins, a witness for appellant, was taken on notice dated March 24, 1936, and was filed January 11, 1937. All of the testimony on each side had been taken and the depositions filed before appellant's motion was made. If an oral motion were made prior to the time proof was taken, it is not shown by the bill of exceptions, and cannot be considered. It follows that, even if appellant's contention as to the effect of § 1437 [identical with § 27-1105] could be maintained, the irregularity was waived by the proceedings taken."

In the instant litigation, the discovery deposition of Bobby Lowery had been taken and filed, and interrogatories to appellant had been propounded, answered, and filed. The record reflects a notice to take depositions on December 1, 1972 of two other persons, but it is not clear whether these were actually taken. Of course, under

the order entered by the court, all time spent in preparation of the case by the attorneys and the parties, as well as the time of the witnesses, has been for naught; likewise, the time spent by the court in holding pretrial conferences has been fruitless.

Appellees argue that the statute permitted appellant to verify his complaint at any time before the "calling of the action for trial", and that accordingly, the court actually could not dismiss the complaint earlier. We are not impressed by this argument. When the first motion to dismiss was filed, the court certainly could have entered an order requiring the complaint to be verified before the case was called for trial; in fact, appellant offered to do so if the court so ordered. The record does not reflect why the court denied appellees' motion at that time, but between that date, and the date of the dismissal (over a year), two pre-trial conferences had been held. At the first of these conferences, in reply to a question by the court, counsel for appellant replied that the pleadings were settled and the issues joined, and no disagreement with this statement was expressed by counsel for appellees. At the second pre-trial conference, appellees amended their answer to reflect an admission of liability for appellant's damages. In other words, only the question of the extent and amount of appellant's damages was to be heard. The resolving of preliminary motions and the determination of issues are among the primary purposes of pre-trial conferences. Certainly, a view by appellant that verification was no longer an issue would be understandable. Though perhaps not intentional, it would somewhat appear that appellant was entrapped, since a second motion to dismiss was not made until after the jury was selected; even then, appellant offered to verify.

Whether it be on the basis of a waiver of the verification by appellees, or inappropriate action by the trial court, we think, under the circumstances herein set out, that the court erred in granting the motion,[1] and that Lowery is entitled to reinstatement of his complaint.

---

[1]Appellant also argues that under Ark. Stat. Ann. § 27-1111 (Repl. 1962), no verification of the complaint was required. That section reads as follows:

Reversed.

FOGLEMAN, J. not participating.

"Verification by affidavit mentioned in the last section (§ 27-1105) shall not be required to the answer of a guardian (or committee) defending for an infant, or person of unsound mind, or imprisoned; nor in any case where the admission of the truth of the allegations of the complaint or answer might subject the party to a criminal or penal prosecution; *nor to pleadings affecting injuries to person* [our emphasis] or character; nor to complaints in actions founded on a note, bond, bill of exchange, mortgage or other written obligation of the defendant; nor to defense founded on the written obligation, release or written obligation of the plaintiff, unless the writing on which the action or defense is founded is lost, mutilated or destroyed."

We do not pass upon this argument since it does not appear that it was presented to the trial court, and we have stated that we do not consider points not first presented below. *White Company* v. *Bragg,* 168 Ark. 670, 273 S.W. 7 (1925).