C & M CONSTRUCTION COMPANY,
Inc. *v.* SIMMONS FIRST NATIONAL
BANK of Pine Bluff

76-406                                                    545 S.W. 2d 631

January 24, 1977

*John M. Fincher*, for appellant.

*John G. Lile, Larry C. Wallace* and *Michael G. Thompson,* for appellee.

## PER CURIAM

Appellee's motion to dismiss the appeal is denied. The motion is based upon non-compliance with Ark. Stat. Ann. § 27-2127.1 (Supp. 1975) and Rule 26 A, Rules of the Supreme Court, 3 A Ark. Stat. Ann. (Supp. 1975, p. 135) in that: notice of application for extension of time for filing the record in this case was not given to appellee's attorney; the order granting the extension did not recite that a reporter's transcript of the evidence had been ordered; and the order did not recite that the extension was related to the inclusion in the record of evidence stenographically reported.

The failure of an appellant to take further steps to secure the review of a judgment or decree, after having given notice of appeal does not affect the validity of the appeal, but is ground for such action as this court may take, which may include dismissal of the appeal. Ark. Stat. Ann. § 27-2106.1 (Repl. 1962). In this case we do not deem it appropriate to dismiss the appeal.

It is clear from the affidavit of the court reporter filed with appellant's response that the extension was based upon her inability to complete the transcript due to her heavy workload and that appellant's application for extension was made upon her request. In this respect the situation is unlike that in *Perry* v. *Perry,* 257 Ark. 237, 515 S.W. 2d 640. Although it is not seriously contended that appellee's attorney was served with notice of the application, it is clear that appellee's attorney inquired of the clerk of the trial court some time after the expiration of 90 days after the notice of appeal was filed and learned that the motion had been filed and the extension granted. Yet appellee took no action in the matter until more than 150 days had elapsed after the date of filing of the notice of appeal, when notice was given to appellant's attorney that appellee would move to dismiss. We cannot agree that appellee's showing of prejudice is sufficient basis for dismissal of the appeal in view of the fact that if it had been greatly prejudiced it could have availed itself of the procedure set out in *Norfleet* v. *Norfleet,* 223 Ark. 751, 268 S.W. 2d 387.

HICKMAN, J., not participating.