Rodney Dale REEVES v. STATE of Arkansas

CR 76-203                                              548 S.W. 2d 822

Opinion delivered April 4, 1977
(In Banc)

*Don R. Langston,* Public Defender, by: *Hubert E. Graves,* Dep. Public Defender, for petitioner.

*Jim Guy Tucker,* Atty. Gen., by: *Joseph H. Purvis,* Asst. Atty. Gen., for respondent.

FRANK HOLT, Justice. This case is a sequel to *Reeves* v. *State,* 258 Ark. 788, 528 S.W. 2d 924 (1975). There we reversed and remanded this petitioner's conviction of possession of stolen property. Pending retrial the state charged that appellant, during the time he was released on bail, had committed two other felony offenses (theft by receiving and possession of stolen property). The municipal court found probable cause existed that petitioner had committed these two subsequent offenses. Then, in circuit court, upon the state's motion and pursuant to Rules of Crim. Proc., Rule 9.6 (1976), the court revoked petitioner's bail on the previous charge. Rule 9.6 provides:

If it is shown that any court has found reasonable cause

to believe that a defendant has committed a felony while released pending adjudication of a prior charge, the court which initially released him may revoke his release.

This appeal results from the circuit court's order revoking petitioner's bail and remanding him to custody without bail.[1] It is first contended that the requisite element of probable cause as found by the municipal court, must fail because the petitioner was not afforded his right to counsel at his preliminary hearing. We cannot agree.

In *Gerstein v. Pugh,* 420 U.S. 103 (1975), it is said:

Because of its limited function and its nonadversary character, the probable cause determination is not a 'critical stage' in the prosecution that would require appointed counsel.

Here, in our view, the hearing conducted by the examining court to determine reasonable cause in the two new cases was not a hearing of an adversary nature which required representation by counsel before the state could invoke and the circuit court apply the provision of Rule 9.6.

Petitioner next contends that the circuit court did not have jurisdiction to revoke petitioner's bail because an appeal was pending in this court based upon the trial court overruling petitioner's motion to dismiss *Reeves v. State, supra,* for lack of a speedy trial. It is true that a motion to dismiss from a denial of a speedy trial is an appealable order. *Breedlove v. State,* 225 Ark. 170, 280 S.W. 2d 224 (1955); and *Ware v. State,* 159 Ark. 540, 252 S.W. 934 (1923). Therefore, petitioner argues that when his appeal was docketed here, the trial court then lost jurisdiction. *State v. Adkisson,* 251 Ark. 119, 471 S.W. 2d 332 (1971); and *Andrews v. Lauener,* 229 Ark. 894, 318 S.W. 2d 805 (1958). However, we do not construe these citations to be controlling here. Petitioner's pending cause in this court is an interlocutory appeal from a denial of a motion to dismiss for lack of a speedy trial. We hold that the pendency of this

[1]Upon a writ of certiorari, we ordered petitioner's release upon a $15,-000 security.

appeal did not divest the trial court of its jurisdiction to determine if there should be a revocation of petitioner's pretrial release previously ordered by that court. See *Estes* v. *Masner*, 244 Ark. 797, 427 S.W. 2d 161 (1968).

It is next asserted that Rule 9.6 is unconstitutional on its face and as applied to appellant. The state responds that since there was a showing of probable cause that defendant had committed two felonies (receiving and possession of stolen property) while on bail on another similar offense that his continuing criminal conduct constituted such a compelling state interest it would justify refusal of any future release of the petitioner on any bail. In response, petitioner correctly contends that he has an absolute right before conviction, except in capital cases, to a reasonable bail. Amendments 8 and 14, U.S. Constitution and Art. 2, §§ 8 and 9, Arkansas Constitution (1874). *Kendrick* v. *State*, 180 Ark. 1160, 24 S.W. 2d 859 (1930); *Thomas* v. *State*, 260 Ark. 512, 542 S.W. 2d 284 (1976); and *Stack* v. *Boyle*, 342 U.S. 1 (1951). Here, we are of the view the trial court misconstrued our Rule 9, which is entitled "The Release Decision." The rule provides for release with or without bail and, also, the imposition of reasonable terms and conditions. Rule 9.6 provides that "the court which initially released him may revoke his release." Significantly, the rule does not in non-capital cases, as here, preclude the setting of a new and reasonable bail with whatever terms and restrictions deemed appropriate within its provisions. We hold our Rule is constitutional; however, it was unconstitutionally applied to petitioner.

The order is affirmed as to the revocation of release and quashed with respect to a denial of a reasonable bail.

BYRD and HICKMAN, JJ., dissent.

CONLEY BYRD, Justice, dissenting. Rule 9.6 as interpreted by the majority permits the State to punish an accused who is subsequently charged with another offense without the necessity of presenting witnesses against him on either charge without a jury trial and without benefit of counsel. The Arkansas Constitution Art. 2, § 10 provides:

"In all criminal prosecutions the accused shall en-

joy the right to a speedy and public trial by impartial jury of the county in which the crime shall have been committed; . . . and to be confronted with the witnesses against him; to have compulsory process for obtaining witness in his favor, and to be heard by himself and his counsel."

Under the majority's view, an accused person free on bail can be incarcerated upon the mere showing that some other court has found probable cause to believe that accused has committed a felony while on bail. The majority take this view even though the accused was without benefit of counsel at the preliminary hearing before the other court. Under this view the majority ignore the constitutional right of the accused to be confronted with the witnesses against him upon either charge before being punished, not to say anything about his constitutional guarantee to jury trial and to counsel.

After all, the revocation of existing bail and the requirement of additional bail usually amounts to a substantial fine in itself — the standard fee for professional bonds where I practiced law was 10% of the bond amount and where the accused is unable to make the new bond authorized by the majority, it forces him to remain in jail.

For the reasons stated, I respectfully dissent.

HICKMAN, J., joins in this dissent.