Stephen SCHUSTER *v.* STATE of Arkansas

CR 77-86                                        551 S.W. 2d 210

May 31, 1977

*Stephen Schuster, pro se.*

*Bill Clinton,* Atty. Gen., for respondent.

## PER CURIAM

Petitioner was convicted of aggravated robbery in the Circuit Court of Crawford County and sentenced to 15 years in prison and fined $10,000.00. Notice of appeal was filed by petitioner's employed trial counsel on June 21, 1976. It appears that this attorney did not perfect the appeal because

he received a letter from petitioner stating that appellant did not want to appeal this conviction. Petitioner in requesting that a belated appeal be allowed, contends that this waiver of his right to appeal was not voluntary because of the prosecuting attorney's threats to prosecute him on other charges, if he did appeal. The employed trial counsel has not been given permission by this court to withdraw. See Rule 36.26, Rules of Criminal Procedure; Rule 11(h), Rules of the Supreme Court. Appeal has not been dismissed, in this court, in spite of the fact that notice of appeal was given. See Rule 36.20, 36.23, Rules of Criminal Procedure; *Norfleet* v. *Norfleet*, 223 Ark. 751, 268 S.W. 2d 387; *Sate* v. *Adkisson*, 251 Ark. 119, 471 S.W. 2d 332. We can not ascertain whether the appeal was ever dismissed in the trial court.

Although we can grant a belated appeal, where notice was given, and the transcript record never filed here under Rule 36.9, Rules of Criminal Procedure, there are important questions of fact to be determined before we can say that there was good reason for the failure of appellant or his attorney to file the record here, and these questions can not be resolved on affidavits.

Petitioner's request for a belated appeal is denied without prejudice to his applying to the trial court for a hearing on the question of whether his right to appeal was voluntarily waived, and if not, for an order for the filing of a transcript of the record in this court, and without prejudice to his right to appeal to this court from any ruling adverse to him.

BYRD, J., dissents.