James SURRIDGE *v.* STATE of Arkansas

637 S.W.2d 597

Supreme Court of Arkansas
Opinion delivered July 19, 1982

*John Belew*, for appellant.

*Steve Clark,* Atty. Gen., by: *Alice Ann Burns,* Asst. Atty. Gen., for appellee.

PER CURIAM. James Surridge was convicted in the Circuit Court of Desha County of first degree murder. He was sentenced to a term of 50 years imprisonment in the Arkansas Department of Correction. Retained trial counsel, John Belew, filed a timely notice of appeal on July 24, 1981, and secured Surridge's release from custody on bail. Surridge was subsequently arrested for bank robbery and his bail was revoked.

Belew filed a motion with us on March 22, 1982, to be relieved as counsel and tendered a partial record. The clerk refused to accept it as untimely, and we denied the motion to be relieved. We said that if Belew would concede in a subsequent motion that it was his fault the record was not timely filed we would grant the motion. Although nearly three months have passed, Mr. Belew has not filed a second motion for rule on the clerk.

When it appears that the attorney is at fault, but he has not conceded as much, it is the practice of this Court to deny a motion for rule on the clerk. See our Per Curiam opinion dated February 5, 1969, In Re: Belated Appeals in Criminal Cases, 265 Ark. 964. It is made clear, however, that a subsequent motion will be granted if the attorney admits his error or gives other good cause for granting the motion.

Rule 36.26 of the Arkansas Rules of Criminal Procedure provides:

> Trial counsel, whether retained or court appointed, shall continue to represent a convicted defendant throughout any appeal to the Arkansas Supreme Court, unless permitted by the trial court or the Arkansas Supreme Court to withdraw in the interest of justice or for other sufficient cause.

The method for taking the appeal is set out in Rule 36.9. In the case at bar, the attorney Belew was not relieved as counsel by the trial court before he filed the notice of appeal. Once the notice of appeal was filed, he was obligated to obtain

permission from this Court to withdraw in accordance with Supreme Court Rule 11 (h). *Ellis* v. *State,* 276 Ark. 560 (July 12, 1982). Rule 11 (h) in pertinent part states:

Any motion by counsel for a defendant in a criminal case for permission to withdraw made after the notice of appeal has been given shall be addressed to this Court, shall contain a statement of the reason for the requests, and shall be served upon the defendant appealing.

Counsel, whether retained or appointed, cannot file the notice of appeal and sit idle. When a person convicted of a crime desires an appeal, his constitutional right to effective assistance of counsel is denied where counsel fails to pursue the appeal. See *Finnie* v. *State,* 265 Ark. 941, 582 S.W.2d 19 (1979); *Harkness* v. *State,* 264 Ark. 561, 572 S.W.2d 835 (1978). It is imperative that counsel abide by the rules of procedure, and it is incumbent upon this Court and the trial courts to see that the rules are consistently followed. To do otherwise leads to selective enforcement of the rules and confusion as to what constitutes proper appellate procedure.

In light of his failure to follow the procedure prescribed for withdrawal from a case, Belew remains attorney of record. He is therefore responsible for the duties imposed on him by the rules, statutes and opinions of the Court. Since the appellant has furnished this Court with an affidavit attesting to his indigency and is eligible to have counsel appointed, we will grant Belew's motion to be relieved as retained counsel and appoint him counsel on appeal. A writ of certiorari shall be issued to prepare the record.

A copy of this opinion shall be forwarded to the Committee on Professional Conduct.