Roy Chester HENDERSON *v.* STATE of Arkansas

643 S.W.2d 107

Supreme Court of Arkansas
Opinion delivered December 20, 1982

Appellant, *pro se.*

*Steve Clark,* Atty. Gen., by: *Alice Ann Burns,* Asst. Atty. Gen., for appellee.

PER CURIAM. Roy Chester Henderson was convicted in the Circuit Court of Columbia County of aggravated robbery and sentenced to a term of forty years imprisonment. At trial he was represented by retained counsel Wayne Jewell. No appeal was taken. Petitioner has now filed a pro se motion for belated appeal in which he asserts that he made known his desire to appeal to Mr. Jewell who did not take steps to perfect an appeal or otherwise advise him of how to perfect an appeal. He states that his representation of petitioner came to an end when he was convicted.

Criminal Procedure Rule 36.9 provides that all motions for belated appeal must originate in the Supreme Court. *Gray* v. *State,* 277 Ark. 442, 642 S.W.2d 306 (1982). A belated appeal may be granted for good cause even if no notice of appeal was filed. We have consistently held that the failure of counsel to perfect an appeal in a criminal case where the

defendant desires an appeal amounts to a denial of the defendant's right to effective assistance of counsel. *Surridge* v. *State*, 276 Ark. 596, 637 S.W.2d 597 (1982). Even though Criminal Procedure Rule 36.26 states that counsel, whether retained or appointed, shall continue to represent a convicted person throughout appeal unless permitted to withdraw by the trial court or this Court, we recognize that a convicted defendant may waive his right to appeal.

There are instances where it can be determined from the motion and affidavits whether the defendant waived appeal, but in the case before us, the allegations of petitioner and counsel are in direct conflict. Since it is apparent that there are questions of fact which cannot be resolved on affidavits, we must deny petitioner's request for a belated appeal. *Schuster* v. *State*, 261 Ark. 730, 551 S.W.2d 210 (1977). The denial, however, is without prejudice to his applying to the trial court for a belated appeal evidentiary hearing on the question of whether, when sentence was imposed and judgment entered, he was informed of his right to appeal in accordance with A.R.Cr.P. Rule 36.4; and, if so, whether he voluntarily waived that right by his failure to communicate to counsel his desire to appeal. If the trial court finds that petitioner was properly informed of his appeal right, it shall be incumbent on petitioner to show that he made known to counsel his desire to appeal.

In the event a hearing is held, the trial court shall make written findings of fact and conclusions of law. The petitioner may appeal from an adverse ruling. If the ruling is favorable, he may file the findings and conclusions and the record of the hearing in support of a second motion for belated appeal in this Court.

PURTLE, J., not participating.