## L. V. BLAKELY *v.* STATE of Arkansas

649 S.W.2d 187

Supreme Court of Arkansas
Opinion delivered April 25, 1983

Appellant, *pro se.*

*Steve Clark*, Atty. Gen., by: *Alice Ann Burns*, Asst. Atty. Gen., for appellee.

PER CURIAM. On June 2, 1981, petitioner L. V. Blakely pleaded guilty to second degree forgery. The trial court suspended imposition of sentence for five years. On November 8, 1982, a hearing was held on a petition to revoke the suspended sentence filed by the State. The petition was granted. Blakely has now filed a motion seeking permission to file a belated appeal of that action. His attorney at the

revocation hearing, Mike J. Etoch, has submitted an affidavit in response to the motion.

Petitioner alleges that he wrote Mr. Etoch three times asking him to appeal the revocation. Mr. Etoch concedes that petitioner wrote to him and the circuit judge on December 2 and 3, which was within the thirty days for filing a notice of appeal, asking him to appeal. He states, however, that "at about the same time" he received a phone call from an employee of the Department of Corection who said that he would handle the appeal if Etoch would send a letter withdrawing himself as attorney-of-record. Although he sent the letter, Etoch never formally asked the trial court to relieve him as counsel.

Criminal Procedure Rule 36.9 provides that a belated appeal may be granted for good cause even if no notice of appeal was filed. We have consistently held that the failure of counsel to perfect an appeal in a criminal case where the defendant desires to appeal amounts to a denial of the defendant's right to effective assistance of counsel. *Surridge* v. *State,* 276 Ark. 596, 637 S.W.2d 597 (1982). There can be no doubt in this case that petitioner wanted to appeal. If counsel understood that the notice of appeal was to be filed by some other attorney, he was obligated to seek permission from the trial court to withdraw from the case. Rule 36.26 of the Arkansas Rules of Criminal Procedure provides:

> Trial counsel, whether retained or court appointed, shall continue to represent a convicted defendant throughout any appeal to the Arkansas Supreme Court, unless permitted by the trial court or the Arkansas Supreme Court to withdraw in the interest of justice or for other sufficient cause.

Rule 11 (h), Rules of the Supreme Court of Arkansas, places certain duties upon the trial attorney if he intends to withdraw from a case. In *Finnie* v. *State,* 265 Ark. 941, 582 S.W.2d 19 (1979), we held that it was the duty of the trial attorney to obtain permission from the trial court to withdraw from the case and that the petition to withdraw should contain a statement of reasons therefor. Also, we held

that a copy of request for withdrawal, if granted, should be sent to the appellant.

Petitioner's motion for belated appeal is granted. Since Mr. Etoch has never received permission to withdraw from the case, he remains attorney of record on this appeal and must be held responsible for the duties imposed upon him by the rules, statutes and opinions of this Court. *Surridge, supra; Finnie, supra*. Petitioner has furnished us with an affidavit attesting to his indigency. As an indigent, he is entitled to have the record prepared at public expense. A writ of certiorari is issued to prepare the record.

A copy of this opinion shall be forwarded to the Committee on Professional Conduct. See *Ellis* v. *State*, 276 Ark. 560, 637 S.W.2d 588 (1982).

Motion granted.