Joe CONLEY *v.* STATE of Arkansas

691 S.W.2d 868

Supreme Court of Arkansas
Opinion delivered July 1, 1985

*Appellant*, pro se.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

PER CURIAM. Joe Conley was convicted in the Circuit Court of Independence County of delivery of a controlled substance, cocaine, and was sentenced to a term of ten years imprisonment. He was represented at trial by retained counsel C. Eric Hance. No appeal was taken. Petitioner has now filed a pro se motion for belated appeal in which he asserts that he made known his desire

to appeal to Mr. Hance who did not take steps to perfect an appeal. Mr. Hance has filed an affidavit in response to the motion for belated appeal stating that petitioner did not ask to appeal and stated rather that he would not want to risk a lengthier sentence if the conviction were overturned and he were retried. Mr. Hance was relieved as counsel in this case by the trial court but not until May 8, 1985, more than four months after the time for filing a notice of appeal had elapsed.

A belated appeal may be granted for good cause even if no notice of appeal was filed. A.R.Cr.P. Rule 36.9. We have consistently held that the failure of counsel to perfect an appeal in a criminal case where the defendant desires an appeal amounts to a denial of the defendant's right to effective assistance of counsel. *Surridge* v. *State*, 276 Ark. 596, 637 S.W.2d 597 (1982). Even though Criminal Procedure Rule 36.26 states that counsel, whether retained or appointed, shall continue to represent a convicted person throughout appeal unless permitted to withdraw by the trial court or this Court, we recognize that a convicted defendant may waive his right to appeal. *Henderson* v. *State*, 278 Ark. 107, 643 S.W.2d 107 (1982).

There are instances where it can be determined from the motion and counsel's affidavit whether the defendant waived appeal, but in the case before us, the allegations of petitioner and counsel are in direct conflict. Since it is apparent that there are questions of fact which cannot be resolved on affidavits, we must deny petitioner's request for belated appeal. *Schuster* v. *State*, 261 Ark. 730, 551 S.W.2d 210 (1977). The denial, however, is without prejudice to his applying to the trial court for a belated appeal evidentiary hearing on the question of whether, when sentence was imposed and judgment entered, he was informed of his right to appeal in accordance with A.R.Cr.P. Rule 36.4; and, if so, whether he voluntarily waived that right by his failure to communicate to counsel his desire to appeal. If the trial court finds that petitioner was properly informed of his appeal right, it shall be incumbent on petitioner to show that he made known to counsel his desire to appeal. *Henderson* v. *State, supra.*

In the event a hearing is held, the trial court shall make written findings of fact and conclusions of law. The petitioner may appeal from an adverse ruling. If the ruling is favorable, he

may file the findings and conclusions and the record of the hearing in support of a second motion for belated appeal in this Court.

Motion denied without prejudice.

GEORGE ROSE SMITH, J. not participating.