Patricia BROWNING *v.* STATE of Arkansas

697 S.W.2d 86

Supreme Court of Arkansas
Opinion delivered September 23, 1985

*Gregory E. Bryant*, for appellant.

*Kenneth G. Torrence*, for appellee.

PER CURIAM. Appellant Patricia Browning pleaded guilty to

aggravated assault. Imposition of sentence was suspended for two years. When the suspended sentence was subsequently revoked, appellant's attorney, Kenneth Torrence, did not appeal the revocation or seek to be relieved as counsel in the trial court. Appellant contends in her motion for belated appeal that a part of her agreement with counsel was that he would appeal the court's order. Counsel filed a response to the motion for belated appeal in which he denies that he agreed to appeal. He states that he in fact informed appellant that he would not appeal unless paid to do so and heard no more from her.

Criminal Procedure Rule 36.26 states that counsel, whether retained or appointed, shall continue to represent a convicted person throughout appeal unless permitted to withdraw by the trial court or this Court, but we recognize that a convicted defendant may waive his right to appeal by failure to inform counsel of his desire to appeal. *Henderson* v. *State*, 278 Ark. 107, 643 S.W.2d 107 (1982). If the convicted defendant who is able to pay the costs of appeal desires an appeal but refuses to pay for it, counsel should ask to be relieved in the trial court. Counsel in this case was not relieved in the trial court; therefore, he remains responsible for the appeal if it is determined that the appellant told him of her desire to appeal.

There are instances where it can be determined from the motion and counsel's response whether the defendant waived appeal, but in the case before us, the allegations of appellant and counsel are in direct conflict. Since it is apparent that there are questions of fact which cannot be resolved on affidavits, we must deny appellant's request for belated appeal. *Schuster* v. *State*, 261 Ark. 730, 551 S.W.2d 210 (1977). The denial, however, is without prejudice to her applying to the trial court for a belated appeal evidentiary hearing on the question of whether she voluntarily waived her right to appeal by her failure to communicate to counsel her desire to appeal.

In the event a hearing is held, the trial court shall make written findings of fact and conclusions of law. The appellant may appeal from an adverse ruling. If the ruling is favorable, she may file the findings and conclusions and the record of the hearing in support of a second motion for belated appeal in this Court.

Motion denied without prejudice.

PURTLE, J., not participating.