Jeffery Lynn GATES v. STATE of Arkansas

696 S.W.2d 754

Supreme Court of Arkansas
Opinion delivered October 7, 1985

Pro Se Motion for Belated Appeal from Baxter Circuit Court; denied.

Appellant, *pro se.*

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

PER CURIAM. Jeffery Lynn Gates was found guilty by a jury of rape and incest and sentenced on March 18, 1985 to concurrent terms of ten and three years imprisonment. No appeal was taken. He now seeks a belated appeal on the ground that his retained counsel Mark Cooper did not pursue an appeal despite petitioner's wish to appeal. In an affidavit filed in response to the motion, counsel states that he fully advised petitioner of his right to appeal and the time limit for filing a timely notice of appeal. He has attached to his affidavit an affidavit signed by petitioner's wife, dated April 10, 1985, in which she averred that her husband had informed her that he did not desire an appeal and instructed counsel not to appeal. Also attached is an undated letter, which counsel states was mailed within the time for filing a notice of appeal, from petitioner to his wife in which he stated, "I don't want an appeal." Counsel's law partner has also submitted an affidavit in which he avows that he was present when counsel explained to petitioner the process of appeal and when petitioner's wife assured counsel that her husband personally told her that he did not want to appeal.

A belated appeal may be granted for good cause even if no notice of appeal was filed. A.R.Cr.P. Rule 36.9. We have consistently held that the failure of counsel to perfect an appeal in

a criminal case where the defendant desires an appeal amounts to a denial of the defendant's right to effective assistance of counsel. *Surridge* v. *State*, 276 Ark. 596, 637 S.W.2d 597 (1982). Even though Criminal Procedure Rule 36.26 states that counsel, whether retained or appointed, shall continue to represent a convicted person throughout appeal unless permitted to withdraw by the trial court or this Court, we recognize that a convicted defendant may waive his right to appeal. *Henderson* v. *State*, 278 Ark. 107, 643 S.W.2d 107 (1982).

The affidavit of petitioner's wife and the letter from petitioner to his wife indicate that she communicated to counsel her reasonable belief that petitioner did not want to appeal. Petitioner contends that counsel should have consulted him rather than his wife, but he fails to state that he personally took any step to inform counsel of his desire to appeal. Petitioner concedes that he did not inquire about whether an appeal was pending until two and one half months after the time for filing a notice of appeal had passed. As petitioner has not demonstrated that he made known to counsel his desire to appeal within the time for filing a notice of appeal, he voluntarily waived his appeal right.

Motion denied.

PURTLE, J., not participating.