Clarence GAY *v.* STATE of Arkansas

707 S.W.2d 320

Supreme Court of Arkansas
Opinion delivered April 21, 1986

590

Appellant, *pro se.*

*Steve Clark*, Att'y Gen., by: *Jack Gillean*, Asst. Att'y Gen., for appellee.

PER CURIAM. In October, 1984, Clarence Gay was convicted of rape and sentenced to life imprisonment. He filed a timely *pro se* notice of appeal and the record was prepared for filing with this Court, but it was never lodged here. He now seeks a belated appeal, alleging that he was incompetent to proceed with the appeal *pro se* because of low intelligence and lack of education. Petitioner's appointed attorney at trial was Joe Villines. In his affidavit in response to the motion, Mr. Villines, who has not been relieved as counsel by either the trial court or this Court, states that he discussed the possibility of an appeal with petitioner after trial and informed him that there was no basis for reversal of the

conviction. He avers that he did not know that petitioner had filed a notice of appeal.

Criminal Procedure Rule 36.26 states that counsel, whether retained or appointed, shall continue to represent a convicted person throughout appeal unless permitted to withdraw by the trial court or this Court. A convicted defendant may waive his appeal right by failure to communicate to counsel his desire to appeal. *Conley* v. *State*, 286 Ark. 388, 691 S.W.2d 868 (1985); *Henderson* v. *State*, 278 Ark. 107, 643 S.W.2d 107 (1982). The timely notice of appeal filed by petitioner is proof that he desired an appeal. Even if he did not specifically notify counsel that he had filed the notice, counsel had not been relieved as petitioner's attorney-of-record and was responsible for knowing what had been filed in regard to the case within the time set for filing a notice of appeal. Moreover, if counsel felt that the appeal had no merit, he was obligated to either obtain permission from the trial court to withdraw before the notice of appeal was filed, *Finnie* v. *State*, 265 Ark. 941, 582 S.W.2d 19 (1979), or file a motion to withdraw in this Court after the notice of appeal was filed. Rules of the Supreme Court, Rule 11(h), Ark. Stat. Ann. Vol. 3A (Supp. 1985).

The failure of counsel to perfect an appeal in a criminal case where the defendant desires an appeal constitutes a denial of effective assistance of counsel and is good cause for granting a belated appeal. *Blakely* v. *State*, 279 Ark. 141, 649 S.W.2d 187 (1983); *Surridge* v. *State*, 276 Ark. 596, 637 S.W.2d 597 (1982). As counsel for petitioner did not withdraw from the case in accordance with the rules of procedure and failed to comply with the obligations set forth by the rules and opinions of this Court, the belated appeal is granted. Counsel Villines is responsible for lodging the record with this Court within thirty days.

Motion granted.

PURTLE, J., not participating.