Dewey L. EARLE, Individually, Winnie POWELL,
Individually and as Next Friend of Dewey L. EARLE
*v.* Pam BENNETT

86-101                                    711 S.W.2d 829

Supreme Court of Arkansas
Opinion delivered July 7, 1986

*Art Dodrill*, for appellant.

*Dodds, Kidd, Ryan & Moore*, by: *Judson C. Kidd*, for appellee.

DAVID NEWBERN, Justice. The appellants appeal from an order granting a guardianship of the person and estate of Dewey L. Earle and appointing the appellee as guardian. The appellants contend (1) that no notice of the guardianship petition was given to Dewey L. Earle, (2) that the appellee presented no bond, and (3) that the appellee presented no proof of incompetency of Dewey L. Earle. The appellee contends that the order was for a temporary guardianship pursuant to Ark. Stat. Ann. § 57-840 (Supp. 1985) which requires no prior notice to the prospective ward. We hold the guardianship granted was invalid.

The appellants' abstract shows that a "Petition for Appointment of Guardian of the Person and Estate of Dewey L. Earle" was filed February 26, 1986, by the appellee, and that the petition

was granted by a court order of March 3, 1986. The appellants' abstract makes no mention whatever of a temporary guardianship petition or order. The appellee does not supplement or challenge the appellants' abstract in this respect. The record bears out the appellants' claim that the order of March 3, 1986, granted a guardianship which was not temporary. It complied with none of the requirements of § 57-840 for a temporary guardianship.

■ Ark. Stat. Ann. § 57-825 (Supp. 1985) permits appointment of a guardian of the person and estate of an incapacitated person. Ark. Stat. Ann. § 57-831 (Supp. 1985), in part, provides:

Except as provided in subsection (a) of this Section, before the court shall appoint a guardian, other than a temporary guardian, notice of the hearing of the application for the appointment of such guardian shall be served upon the following:

(1) The alleged incapacitated person if over fourteen (14) years of age, and the alleged incapacitated person shall be notified of his rights under Section 16 [§ 57-835]. This notice shall be served with the notice of hearing. . .

As the exceptions in subsection (a) do not apply, and this was not a temporary guardianship, it is clear that notice to Dewey L. Earle was required to have been given prior to the appointment of the appellee as her guardian.

■ The appellants filed their notice of appeal in the trial court and filed the record with the clerk of this court on May 2, 1986. The appellee has abstracted an order of the probate court of June 10, 1986, which characterizes the March 3, 1986, order as one for a temporary guardianship and purports to make it final. The order of June 10, 1986, is not in the record before us. If indeed such an order was entered, the court lacked jurisdiction to enter it because the record had been docketed in this court. *See State* v. *Adkisson*, 251 Ark. 119, 471 S.W.2d 332 (1971); *Estes* v. *Masner*, 244 Ark. 797, 427 S.W.2d 161 (1968); *Andrews* v. *Lauener*, 229 Ark. 894, 318 S.W.2d 805 (1958).

Reversed and dismissed.

HICKMAN, J., dissents and would affirm under Rule 9 of Rules of the Arkansas Supreme Court and Court of Appeals.