Charles Anthony MARTIN *v.* STATE of Arkansas

CR 01-1072                                    57 S.W.3d 178

Supreme Court of Arkansas
Opinion delivered October 25, 2001

*Patrick Benca*, for appellant.

No response.

PER CURIAM. Charles Anthony Martin seeks permission to file a belated appeal with this court. On October 20, 2000, appellant entered a conditional plea of guilty to a charge of manufacturing methamphetamine after the trial court denied his motion to suppress various items of evidence. Martin's plea agreement specifically provided, "This is a conditional plea under Ark. R. Cr. P. 24.3, and may be withdrawn upon successful appeal." The trial court sentenced him to ten years in prison. After entering his plea, Martin advised his attorney that he wished to appeal the court's

ruling on his suppression motion. According to Martin's affidavit accompanying the present motion, his attorney, Dale Finley, assured Martin that he would file a notice of appeal on Martin's behalf; however, by June of 2001, Finley had not yet filed the notice. At that time, Martin verified with the Cleburne County Circuit Court that the notice of appeal had not been filed. When Martin called Finley to advise him that the record with the clerk's office did not contain a notice of appeal, Martin further averred that Finley had assured Martin that the notice of appeal was filed or that the notice was on its way to be filed.

    ■■ On October 2, 2001, Martin, through another attorney, Patrick J. Benca, filed the present application for belated appeal. The partial transcript filed the same date does not reflect that Finley ever filed a notice of appeal. Under Ark. R. App. P.—Crim. 16, trial counsel, whether retained or court appointed, shall continue to represent a convicted defendant throughout any appeal to the supreme court, unless permitted by the trial court or the supreme court to withdraw in the interest of justice or for other sufficient cause. *See also Green v. State*, 276 Ark. 313, 634 S.W.2d 140 (1982). Further, we have held that the failure of counsel to perfect an appeal in a criminal case where the defendant desires an appeal amounts to a denial of the defendant's right to effective assistance of counsel and constitutes good cause for granting a belated appeal under Ark. R. App. P.—Crim. 2(e). *See Woodruff v. State*, 323 Ark. 448, 916 S.W.2d 104 (1996); *Blakely v. State*, 279 Ark. 141, 649 S.W.2d 187 (1983). To date, Finley has not filed any response to Martin's allegations.

    ■ We remand this matter to the trial court for a hearing to settle the record in order to determine whether Martin had requested Finley to file a notice of appeal. The parties have thirty days from the date of this per curiam to settle these issues.