Josephine Linker Hart, Justice, dissenting. The circuit court’s decision to set a cash-only bail of $300,000 is in contravention of the Arkansas Constitution. Further, our rules of criminal procedure do not permit it. In defying the Arkansas Constitution, the majority-takes from the people the fundamental, absolute right to reasonable bail before conviction. In its place, and by affirming the imposition of cash-only bails, the majority creates and grants to the government an absolute right to incarcerate until the time of trial an accused who is not affluent. This decision will disproportionally impact the poor, as well as those whose wealth is invested and do not have readily at their disposal- large sums of cash. | uThus, I respectfully dissent. ■ In its opinion, the majority expounds on what were only allegations when the circuit court made its decision to impose a cash-only bail. In doing so, the majority attempts to bias the reader by suggesting that the defendant was deserving of a cash-only bail. The resulting irony is that these allegations are irrelevant to the question that the majority answers. They have decided to answer — incorrectly—a question unattached to these allegations— whether cash-only bail is constitutional— and declare the question on which these allegations may have been relevant as moot. The Arkansas Constitution affirms that the people have a constitutional right to bail for noncapital offenses, stating that “[a]ll persons shall, before conviction, be bailable by sufficient sureties.” Ark. Const, art. II, § 8. Further, the Arkansas Constitution specifically recognizes a right against excessive bail. Ark. Const, art. 2, § 9 (stating that “[ejxcessive bail shall not be required”). Thus, the Arkansas Constitution affirms that, other than in capital cases, the people have an absolute right to a reasonable bail before conviction. Reeves v. State, 261 Ark. 384, 387, 548 S.W.2d 822, 824 (1977). In keeping with these constitutional dictates, this court promulgated Rule 9.2 of the Arkansas Rules of Criminal Procedure, which sets out our rules regarding bail. In essence, promulgation of Rule 9.2 was this court’s implicit expression of the requirements of art. II, section 8 of the Arkansas Constitution. See Miller v. State, 262 Ark. 223, 226, 555 S.W.2d 563, 564 (1977) (noting that the Arkansas Rules of Criminal Procedure implicitly rejected an argument that the court had no inherent rule-making authority absent an enabling hfiStatute). Further, this court’s comments to Rule 9.2 fortify its connection to the Arkansas Constitution, as we stated, “Money bail in any form ought to be a last resort and should be used only to assure the defendant’s appearance. It is believed that damage to the integrity of the legal process will best be avoided by limiting bail to its lawful function.” According to Rule 9.2(b), if a judicial officer determines that money bail should be set, one of the following could be selected: (i) the “execution of an unsecured bond in an amount specified by the judicial officer, either signed by other persons or not”; (ii) the “execution of an unsecured bond in an amount specified by the judicial officer, accompanied by a deposit of cash or securities equal to ten per cent (10%) of the face amount of the bond”; or (iii) the “execution of a bond secured by the deposit of the full amount in cash, or by other property, or by obligation of qualified sureties.” Only the third option speaks in terms of a “bond secured by the deposit of the full amount in cash.” Yet, even there, the defendant has two other alternatives: the execution of a bond secured by the deposit of other property or the execution of a bond secured by obligation of qualified sureties. These three alternatives under Rule 9.2(b)(iii) for the execution of a bond are for- the benefit of the defendant. ■ It cannot seriously be suggested that a judicial officer could reject a deposit of cash and instead demand the deposit of the defendant’s real property, or vice versa. Treating these alternatives as choices to be made by the defendant is in keeping with our case law. A judicial officer must use the least restrictive type of money-bail arrangement |1fiset out in Rule 9.2(b) for securing the appearance of an arrested person. Thomas v. State, 260 Ark. 512, 522, 542 S.W.2d 284, 290 (1976). By decreeing that only a cash-only bail would suffice, without considering the possibility of imposing the two other alternatives in Rule 9.2(b)(iii), the circuit court effectively circumvented the requirement of the least restrictive bail. See Foreman v. State, 317 Ark. 146, 875 S.W.2d 853 (1994) (granting a petition for writ of certiorari and remanding to the circuit court where it set bond in the amount of $1,000,000 “cash only” and failed to consider factors relevant to the risk of willful nonappearance). The circuit court’s decision to require a cash-only bail does not comport with Rule 9.2. Thus, I cannot see how. the circuit court’s decision to forgo our mandated rules regarding bail, and instead create out of nothing a requirement for cash-only bail, can possibly comport with the constitutional requirement of bail by “sufficient sureties.” I respectfully dissent.