Sammy GOODWIN *v.* STATE of Arkansas

CR 77-85                                         552 S.W. 2d 233

June 27, 1977

*Guy Jones Jr.,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Joseph H. Purvis,* Asst. Atty. Gen., for appellee.

## PER CURIAM

After the Supreme Court Clerk refused to accept

petitioner's appeal record on the basis that his notice of appeal was not filed within the proper time, petitioner Sammy Goodwin moved for a Rule on the Clerk pursuant to Rules 36.9 and 36.22 of the Arkansas Rules of Criminal Procedure. The State has responded contending that the Clerk was correct in refusing the record because of *Allen* v. *State*, 261 Ark. 331, 553 S.W. 2d 690 (1977), which held that the filing of a notice of appeal within the 30 day limit is jurisdictional. We grant the Rule on the Clerk upon the showing made and for the reasons hereinafter set out.

The record shows that a jury verdict was returned finding petitioner guilty on August 21, 1976. On September 6, 1976 petitioner filed a motion for new trial but, for reasons not shown, the trial court has neglected to act upon the motion. Without notice to petitioner, a judgment of conviction was entered on January 17, 1977. The transcript of the trial was filed by the court reporter on January 26, 1977. Petitioner's counsel, through a routine check, discovered on February 17, 1977 that the judgment had been entered and filed the notice of appeal on the same date.

Under similar circumstances, we held in *Allen* v. *State*, *supra*, that the filing of a notice of appeal in apt time was a jurisdictional prerequisite to our review. This same conclusion was reached in appeals of civil cases. See *General Box Co.* v. *Scurlock, Comm. of Rev.*, 223 Ark. 967, 271 S.W. 2d 40 (1954) and *White* v. *Avery*, 226 Ark. 951, 295 S.W. 2d 364 (1956), involving the construction of Ark. Stat. Ann. § 27-2106.1 (Repl. 1962) with reference to appeals in civil cases. By Acts 1971, No. 333, the General Assembly provided:

SECTION 3. *Time and Method of Taking Appeal.* Within thirty (30) days from the date of sentence and entry of judgment by the trial judge, the person or persons desiring to appeal the judgment shall file with the trial court a notice of appeal identifying the parties taking the appeal and the judgment appealed. The notice of appeal shall include a certificate by the appealing party or his attorney that a transcript of the trial record has been ordered from the court reporter if, for the purposes of the appeal, a transcript is determined essential to

resolve the issues on appeal. Notification of the filing of the notice of appeal shall be given to all other parties, or their representatives involved in the cause by mailing a copy of the notice of appeal to said parties or their representative, but failure to give such notification shall not affect the validity of the appeal. Failure of the appellant to take any further steps to secure the review of the appealed conviction shall not affect the validity of the appeal, but shall be ground only for such action as the appellate court deems appropriate, which may include dismissal of the appeal. If an appeal has not been docketed in the Supreme Court, the parties, with the approval of the trial court, may dismiss the appeal by stipulation filed in that court or that court may dismiss the appeal upon a motion and notice by the appellant.

. . .

SECTION 9. *Other Remedies Not Abolished.* Prior to the time fixed to file a notice of appeal, a person convicted of either a felony or misdemeanor may file a motion for new trial, a motion in arrest of judgment or any other application for relief. Such pleadings should include a statement that the movant believes the action to be meritorious and is not offered for the purpose of delay. Service of such motion shall be given to the representative of the prosecuting party. If requested or found to be necessary, the trial court shall promptly designate a date certain to take evidence, hear and dispose of all of matters that are presented. Upon the filing of any motion or other application for relief in the trial court, the time to file a notice of appeal shall not expire until thirty (30) days after the disposition of all motions or applications.

SECTION 10. *Statutes Governing Civil Appeals to Apply.* Matters pertaining to several appeals, the docketing, designation, abbreviation, stipulation, preparation, and correction or modification of the record on appeal as well as appeals where no stenographic record was made shall be governed by those statutes which now apply to, or may hereinafter be provided for, civil cases on appeal

to the Supreme Court."

As can be seen from the foregoing, Acts 1971, No. 333 is not substantially different from the provision governing appeals in civil cases — *i.e.* Ark. Stat. Ann. § 27-2106.1 (Repl. 1962). However, in adopting Arkansas Rules of Criminal Procedure effective January 1, 1976, this Court adopted Rule 36.9, which provides:

"Within thirty (30) days from the date of the sentence and entry of judgment by the trial judge, the person or persons desiring to appeal the judgment shall file with the trial court a notice of appeal identifying the parties taking the appeal and the judgment appealed. The notice of appeal shall include a certificate by the appealing party or his attorney that a transcript of the trial record has been ordered from the court reporter if, for the purposes of the appeal, a transcript is deemed essential to resolve the issues on appeal. Notification of the filing of the notice of appeal shall be given to all other parties or their representatives involved in the cause by mailing a copy of the notice of appeal to the parties or their representatives, but failure to give such notification shall not affect the validity of the appeal. Failure of the appellant to take any further steps to secure the review of the appealed conviction shall not affect the validity of the appeal but shall be ground only for such action as the Supreme Court deems appropriate, which may include dismissal of the appeal. *The Supreme Court may act upon and decide a case in which the notice of appeal was not given or the transcript of the trial record was not filed in the time prescribed, when a good reason for the omission is shown by affidavit.* If an appeal has not been docketed in the Supreme Court, the parties, with the approval of the trial court, may dismiss the appeal by stipulation filed in that court or that court may dismiss the appeal upon a motion and notice by the appellant." [Emphasis Supplied].

The committee comment with respect to Rule 36.9 is as follows:

"Except for the emphasized language, Rule 36.9 is practically a verbatim rendition of section 3 of Act 333,

now codified as § 43-2703 (Supp. 1973): . . . .

The emphasized language is essentially that found in the authority superseded by Act 333, *viz.*, § 43-2710 (Repl. 1964). Its restoration is suggested in order to permit a belated appeal upon a showing of good cause. While notice of appeal is a logical mechanism to bring into focus questions such as when a defendant should begin service a sentence of incarceration, there appears to be no persuasive reason for grounding an appellate court's power to entertain the appeal on this procedural requirement. Extension of the court's authority by addition of the supplementary language brings the rule into conformity with *Standards, Criminal Appeals* § 2.1."

Consequently, the filing of a notice of appeal in apt time in a criminal case is not a jurisdictional prerequisite under Rule 36.9 and thus *Allen* v. *State, supra,* is overruled.

Under Rule 36.22 which is similar to § 9 of Act 333 of 1971, *supra,* appellant had 30 days after the disposition of his motion for new trial in which to file his notice of appeal and under Rule 36.9 the time for filing the notice of appeal runs from the date of entry of the judgment. Upon the showing here made, petitioner had already taken the necessary steps to obtain the court reporter's transcript of the testimony before the judgment was entered without notice to him. Under the circumstances we must conclude that he has shown good reason for his one day tardiness in filing the notice of appeal. Consequently, the rule upon the Clerk to file the appeal is granted.

Amendment to Rule 19,
Rules of the Supreme Court of Arkansas

June 13, 1977

PER CURIAM

IN RE: RULE 19. AMICI CURIAE ATTORNEYS.

Paragraph (a) of Rule 19 is amended to read as follows:

(a) May File Briefs, When. — Amici Curiae attorneys may file briefs, with the permission of the Court. The motion for permission should state the reasons why such a brief is thought to be necessary.