Charles O. FINNIE *v.* STATE of Arkansas

CR 79-42                                               582 S.W. 2d 19

Opinion delivered June 11, 1979
(Division II)

*James E. Davis*, for appellant.

*Steve Clark*, Atty. Gen., by: *Catherine Anderson*, Asst. Atty. Gen., for appellee.

JOHN I. PURTLE, Justice. Appellant was convicted of second degree murder in the Miller County Circuit Court on September 19, 1977. During the trial he was defended by counsel of his own choosing. After the sentencing the appellant and retained counsel obtained approval by the trial court of an appeal bond. The trial court very meticulously explained to the appellant that he had the right to appeal his conviction within 30 days from entry of judgment. The appellant informed the court he understood his right of appeal. Being unable to post the appeal bond at the time, appellant was placed in the county jail where he remained for some time. During the time he was in jail his retained counsel attempted to get approval of a bondsman on the appeal bond but was unable to do so. Counsel then wrote appellant at the county jail that this particular bondsman was unable to make the bond and requested the appellant to get in touch with him for further instructions concerning the appeal. Also, retained counsel wrote appellant's wife and asked her to come in to discuss the appeal. Subsequently, appellant was transferred to the Cummins Unit of the Arkansas Department of Correction where he was immediately transferred to the hospital in Pine Bluff. The record reveals no further efforts on the part of anyone to perfect the appeal to the supreme court. After appellant was released from the hospital and returned to Cummins he learned that he might be entitled to appointed counsel for appeal purposes. More than 30

days had elapsed when the appellant requested a transcript at public expense. The request was dated November 9, 1977, and filed in the court on November 29, 1977. The trial court denied the request for a transcript on December 5, 1977. No appeal was taken from this ruling. On February 3, 1978, appellant filed a motion pursuant to Rule 37 in which he sought a belated appeal. On the same date the court entered an order appointing an attorney to represent appellant on his Rule 37 request. The appointed attorney filed a motion for a new trial on August 23, 1978. On November 7, 1978, the court considered both motions and denied them. The order denying the motions was dated December 5, 1978, and it is from this order this appeal is taken.

When an accused is represented by retained counsel at the trial, he should be notified if counsel intends to withdraw from the case. In the present case the retained counsel was successful in getting an appeal bond set. However, neither counsel nor appellant were able to obtain the appeal bond and appellant remained in jail until he was transferred to the Department of Correction. Subsequent testimony at the Rule 37 hearing indicated the retained counsel offered to handle the appeal for $2500 but the appellant was unable to pay the fee. In fact, the record discloses appellant was unable to finish paying the agreed fee for his attorney's services at the trial. It would appear from the record that appellant became indigent prior to time to lodge the appeal. We think that a fair interpretation of Rule 11 (h) of the Rules of the Supreme Court of Arkansas places upon the attorney representing an accused at the trial the duty to do certain things if he intends to withdraw from the case. Part of the duties of such attorney is to obtain permission from the trial court to withdraw from the case and such request to withdraw should contain a statement of the reasons therefor. The appellant should receive a copy of the request for withdrawal and, if granted, a copy of the order allowing the withdrawal. In the present case retained counsel apparently made no request to the trial court for permission to withdraw nor did he notify the appellant he was withdrawing from the case. Neither was appellant told by the court, which had no specific duty to do so, nor retained counsel, that he might be entitled to be represented by appointed counsel for the purpose of his appeal. Effective

assistance of counsel is a fundamental requirement which cannot be denied any person accused of or convicted of a serious crime.

We agree with the learned trial judge that he had no authority to accept an appeal or appoint counsel for appellant for the purpose of appeal after the expiration of 30 days. However, this does not mean that appellant has lost his right of appeal. Rule 36.9, Rules of Criminal Procedure, states:

> ... Notification of the filing of the notice of appeal shall be given to all other parties or their representatives involved in the cause by mailing a copy of the notice of appeal to the parties or their representatives, but failure to give such notification shall not affect the validity of the appeal. Failure of the appellant to take any further steps to secure the review of the appealed conviction shall not affect the validity of the appeal but shall be ground only for such action as the Supreme Court deems appropriate, which may include dismissal of the appeal. The Supreme Court may act upon and decide a case in which the notice of appeal was not given or the transcript of the trial record was not filed in the time prescribed, when a good reason for the omission is shown by affidavit ...

Even though the trial court was without authority to grant the appeal, this Court had such authority. No request has previously been made to this Court for belated appeal. We held in *Goodwin v. State*, 261 Ark. 926, 552 S.W. 2d 233 (1977) that filing of notice of appeal within the time prescribed by Rule 36.9 is not jurisdictional as to this Court. See also *Harkness v. State*, 264 Ark. 561, 572 S.W. 2d 835 (1978), wherein we held that tardiness of counsel in filing an appeal amounted to ineffective assistance of counsel and would be a denial of appellant's constitutional rights if we fail to grant the appeal.

It is apparent that appellant did not learn he may have been entitled to appointed counsel on appeal until it was too late to perfect his appeal under the Rules of Criminal

Procedure. It is likewise clear that so far as appellant is concerned he had a good reason for not filing the notice in the time required. He was without money, had no knowledge of his rights, and was physically in the hospital when time for notice expired. We believe under these circumstances he was and is entitled to a belated appeal.

We do not reach the points argued in the present appeal in view of the fact we are treating this appeal as a request for belated appeal. Therefore, the request of appellant for belated appeal is hereby granted.

Belated appeal granted.

We agree. HARRIS, C.J., and FOGLEMAN and HOLT, JJ.