Charles Joseph POE *v.* STATE of Arkansas

CR 81-11 617 S.W. 2d 361

Supreme Court of Arkansas
Opinion delivered June 22, 1981

*E. Alvin Schay*, State Appellate Defender, by: *Deborah Davies Cross*, Deputy Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *C. R. McNair, III*, Asst. Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. Charles Joseph Poe appeals from a denial of Rule 37 relief. This relief must be denied for three reasons: Motion for a belated appeal must be filed within eighteen months of the date of commitment (Rules of Crim. Proc., Rule 36.9); a motion for Rule 37 relief must be filed within three years of the date of commitment (Rules of Crim. Proc., Rule 37.2 (c)); and, we cannot say that the judge was clearly wrong in his findings.

Poe was convicted of burglary and grand larceny in February, 1976, in the Faulkner County Circuit Court. His

lawyer wrote to him at the penitentiary telling Poe of his right to appeal and enclosed a form for Poe to check and return if he wanted to appeal. When the lawyer did not hear from Poe, he called the penitentiary and talked to a warden who told him that Poe had received the letter. Poe denied that he ever received the letter.

In May, 1976, Poe filed a pro se petition for Rule 1 relief. On September 3, 1976, he was present in Faulkner Circuit Court on this petition. Poe's petition was dismissed when he presented the following document which both he and his lawyer had signed:

> I, Charles Joseph Poe, do desire to withdraw my previous request for a Rule 1 hearing in this case. I am making this request for withdrawal of my own free will and I do hereby state that I have not been subjected to any coercion or undue influence of any sort.

Thereafter Poe corresponded with regularity with the court through the clerk's office. Eventually he learned that the transcript of his trial could not be produced because the court reporter had destroyed her notes. However, he did not file his petition for Rule 37 relief and for other relief until February, 1980.

On November 3, 1980, a Rule 37 hearing was held. The trial court examined the record and heard the testimony of Poe and his trial attorney. He concluded that Poe had knowingly waived his right to appeal. He also found no ineffectiveness on the part of Poe's counsel and that the petition for Rule 37 relief had been filed beyond the three year limit.

We affirm. Poe suggests that his conviction was void and should be excepted from the three year rule. He states no grounds which would make that conviction void.

Affirmed.

PURTLE and HAYS, JJ., dissent.

JOHN I. PURTLE, Justice, dissenting. In my opinion, the appellant has received a complete run-around at all stages of the proceedings in this matter. He has been denied a direct appeal or a belated appeal and he has been denied a Rule 37 hearing. In order to get the events in order I will set them out chronologically below:

| | |
|---|---|
| 12-30-75 | Information filed |
| 2-12-76 | Tried and convicted |
| 2-26-76 | Notice of appeal filed |
| 3-1-76 | Attorney wrote appellant about appeal |
| 5-7-76 | Rule 1 Petition verified and mailed (Not filed until August 4, 1976) |
| 6-10-76 | Appellant wrote court requesting transcript and ruling on his Rule 1 Petition (Not filed until August 4, 1976) |
| 8-4-76 | Hearing set on Rule 1 for 8-20-76 |
| 8-9-76 | Appellant's attorney requested to be relieved |
| 8-24-76 | Amendment to Rule 1 Petition filed |
| 9-3-76 | Appellant moved to withdraw Rule 1 Petition |
| 9-8-76 | Letter from appellant to clerk |
| 9-20-76 | Letter from clerk to appellant stating the warrant was not filed in her office |
| 1-26-78 | Appellant requested status report on Rule 1 or 37 |
| 6-22-78 | Appellant requested cost of transcript |
| 8-20-78 | Appellant wrote for commitment papers |

12-26-78  Petition to obtain transcript at public expense

1-4-79  Letter from court to reporter re transcript

1-8-79  Reporter states record unavailable

3-14-79  State demands proof of indigency

7-5-79  Order for a hearing on July 9, 1979

2-11-80  Motion to reconstruct original transcript

11-3-80  Filed amendment to petition under Rule 37.1

11-3-80  Hearing on above petition was denied

12-5-80  Notice of appeal and designation of record

From the above-listed events it can easily be determined that the notice of appeal filed on February 26, 1976, has never been acted upon. The attorney does not have a withdrawal authority in the record. Therefore, the appeal is technically still pending.

We have firmly established that the filing of a notice of appeal in apt time is not a prerequisite to jurisdiction by the supreme court in criminal cases. *Goodwin* v. *State*, 261 Ark. 926, 552 S.W. 2d 233 (1977). In the case of *Harkness* v. *State*, 264 Ark. 561, 572 S.W. 2d 835 (1978), we stated that when an attorney miscalculated the time for filing the appeal, it amounted to a denial of the appellant's constitutional rights and would not be grounds for refusing a rule on the clerk.

Even though the trial judge may no longer have authority to accept an appeal or appoint counsel for an accused, because the time for appeal has run, there is still a remedy for the appellant. Rules of Criminal Procedure, Rule 36.9, provides, among other things, that the supreme court may act upon and decide a case in which notice of appeal was not given or the transcript of the trial record was

not filed in the time prescribed, when a good reason for the omission is shown by affidavit. This is true even though no request for belated appeal has been made. *Finnie* v. *State*, 265 Ark. 941, 582 S.W. 2d 19 (1979). The *Finnie* case also sets out the requirements the attorney must follow in order to withdraw from a case after trial.

It is clear from the Rules of Criminal Procedure and from our case law that this court has the authority to grant the relief sought in this case. Therefore, I would grant a belated appeal since the initial notice of appeal was never acted upon and the appellant was in no position to follow through with it. In any event, it is quite clear that he withdrew his original Rule 1 Petition with the understanding that he was going to get a belated appeal and/or his attorney would file an amended petition. According to the testimony at the hearing on December 5, 1980, a Rule 37 Petition was filed in 1978. This would, no doubt, account for the amendment to the Rule 37 Petition being filed on November 3, 1980. Any way I look at this case I find the appellant was denied due process of law.

HAYS, J., concurs.