518

Joe David SMOTHERS *v.* STATE of Arkansas

CR 81-32                                    621 S.W. 2d 475

Supreme Court of Arkansas
Opinion delivered September 28, 1981

*Gene Worsham*, for appellant.

*Steve Clark*, Atty. Gen., by: *Leslie M. Powell*, Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. On April 15, 1977, the appellant, on pleas of guilty, received a 42 year sentence on 21 counts of aggravated robbery and 5 years on two counts of kidnapping. It appears they were concurrent sentences. A commitment was issued that day. On June 10, 1980, he filed a Rule 37 petition to vacate his sentence on the ground his guilty pleas were constitutionally infirm in that they were not knowingly, freely and voluntarily made. After conducting a hearing, the trial court found that appellant's pleas of guilty on four counts of robbery were not knowingly made and ordered a new trial on them; however, on the remaining counts, he found his pleas were knowingly, freely and voluntarily made. The trial court refused to reduce the 42

year sentence since it was within the range of penalties for aggravated robbery and kidnapping. Appellant insists that the trial court erred in its finding that his pleas of guilty to all the charges were not voluntarily made, and his refusal to modify or reduce his sentence should be reversed. We affirm.

A petition for postconviction relief, as here, must be filed within three years from the date of the commitment unless the judgment was absolutely void. Rules of Criminal Procedure, Rule 37.2 (c), Ark. Stat. Ann. Vol. 4A (Supp. 1981). *Collins* v. *State*, 271 Ark. 825, 611 S.W. 2d 182 (1981); *Washington* v. *State*, 270 Ark. 840, 606 S.W. 2d 365 (1981); *Scott* v. *State*, 267 Ark. 536, 592 S.W. 2d 122 (1980); *Poe* v. *State*, 273 Ark. 194, 617 S.W. 2d 361 (1981). Here, there is nothing indicating the judgment is absolutely void.

Affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. I respectfully disagree with the majority in this case primarily because they have apparently placed the appellant in double jeopardy. He originally received a single 42 year sentence on 21 counts. The trial court has granted relief on several of these counts after finding that he did not properly consent to a plea of guilty. The court refused to reduce the 42 year sentence and has placed the appellant in a position of standing trial on several counts which were included in the original conviction. If he is convicted, he will be sentenced again for the same offense. *Marshall* v. *State*, 265 Ark. 302, 578 S.W. 2d 32 (1979).

The easiest way to dispose of this case is to declare the action of the trial court in setting aside the guilty pleas to be a nullity. The petition was filed more than three years after the pronouncement of sentence. Therefore, the court was without authority to hear the petition, unless the grounds asserted are such as to render the judgment void. *Collins* v. *State*, 271 Ark. 825, 611 S.W. 2d 182 (1981).