Donald James CARRIER *v.* STATE of Arkansas

639 S.W.2d 360

Supreme Court of Arkansas
Opinion delivered September 27, 1982

Movant, *pro se.*

*Steve Clark,* Atty. Gen., by: *Alice Ann Burns,* Asst. Atty. Gen., for respondent.

PER CURIAM. On April 16, 1982, the Clerk of the Supreme Court received from the Union County Circuit Clerk a trial record to be lodged on appeal in the case of Donald James Carrier. Since Carrier, who was convicted of murder in the first degree and sentenced to life imprisonment, had filed an untimely pro se notice of appeal, the Clerk declined to file the record. The attorney of record in the case, Ronald Griggs, then filed a motion for rule on the clerk. The attorney admitted that he had not been relieved as counsel in the case and had not taken any steps to perfect the appeal. We denied the motion for rule on the clerk but noted that a subsequent such motion would be granted if the attorney admitted his error or gave other good cause for granting the motion. See our Per Curiam opinion dated February 5, 1979, In Re: Belated Appeals in Criminal Cases, 265 Ark. 964. We also denied a motion to be relieved as

counsel filed by Mr. Griggs. Griggs did not file a second motion for rule on the clerk.

On July 30, appellant filed a pro se motion for belated appeal and appointment of counsel. Griggs responded to appellant's motion by affidavit. The affidavit contains no good reason for the attorney's failure to follow the proper procedure for withdrawing from a criminal case.

Rule 36.26 of the Arkansas Rules of Criminal Procedure provides:

> Trial counsel, whether retained or court appointed, shall continue to represent a convicted defendant throughout any appeal to the Arkansas Supreme Court, unless permitted by the trial court or the Arkansas Supreme Court to withdraw in the interest of justice or for other sufficient cause.

The method for taking the appeal is set out in Rule 36.9. Rule 11 (h), Rules of the Supreme Court of Arkansas, places certain duties upon the trial attorney if he intends to withdraw from a case. In *Finnie* v. *State*, 265 Ark. 941, 582 S.W.2d 19 (1979), we held that it was the duty of the trial attorney to obtain permission from the trial court to withdraw from the case and the petition to withdraw should contain a statement of the reasons therefor. Also, we held that a copy of the request for withdrawal, if granted, should be sent to the appellant.

In view of the fact that the present attorney did not follow the procedure prescribed for withdrawal, we must still consider him the attorney of record and hold him responsible for the duties imposed upon him by the rules, statutes and opinions of the court as recited above. The belated appeal will be granted and a copy of this opinion forwarded to the Committee on Professional Conduct.

Motion granted.