James Paul HARDIN *v.* STATE of Arkansas

639 S.W.2d 362

Supreme Court of Arkansas
Opinion delivered September 27, 1982

Movant, *pro se.*

No response by the State.

PER CURIAM. James Paul Hardin was convicted of aggravated robbery on May 19, 1982. He has now filed a motion for belated appeal of the conviction. He alleges that his attorney Robert Lamb placed the responsibility for filing the notice of appeal on him. He further states that he did not file the notice of appeal because he did not understand how to perfect an appeal. Mr. Lamb has filed an affidavit in response to Mr. Hardin's motion in which he states that he told Hardin to notify him if he decided to appeal. Apparently Hardin did not communicate further with Lamb, but this did not absolve counsel of his duty to follow the rules of this Court with regard to the representation of a criminal defendant.

Rule 36.26 of the Arkansas Rules of Criminal Procedure provides:

Trial counsel, whether retained or court appointed, shall continue to represent a convicted defendant throughout any appeal to the Arkansas Supreme Court, unless permitted by the trial court or the Arkansas Supreme Court to withdraw in the interest of justice or for other sufficient cause.

Rule 11 (h), Rules of the Supreme Court of Arkansas, places certain duties upon the trial attorney if he intends to withdraw from a case. In *Finnie* v. *State,* 265 Ark. 941, 582 S.W.2d 19 (1979), we held that it was the duty of the trial attorney to obtain permission from the trial court to withdraw from the case and that the petition to withdraw should contain a statement of the reasons therefor. Also, we held that a copy of the request for withdrawal, if granted, should be sent to the appellant.

In view of the fact that the present attorney did not follow the procedure prescribed for withdrawal, we must still consider him the attorney of record and hold him responsible for the duties imposed upon him by the rules, statutes and opinions of this court as recited above. The belated appeal will be granted and a copy of this opinion forwarded to the Committee on Professional Conduct.

Motion granted.