Dan PLUGGE *v.* STATE of Arkansas

RC 88-21                                          750 S.W.2d 52

Supreme Court of Arkansas
Opinion delivered May 16, 1988

*Q. Byrum Hurst, Jr.,* for appellant.

No response.

PER CURIAM. Appellant, Dan W. Plugge, through his counsel, has petitioned for a rule on the clerk to file the record on appeal from his conviction of driving while intoxicated, a misdemeanor.

Appellant's counsel asserts that after entry of the judgment he ordered the transcript promptly and paid the requested deposit of $100. Counsel further informs us that a number of letters were

sent by him to appellant at a Florida address informing him of the progress of the appeal and urging the timely payment of the costs of the appeal. The letters went unanswered although counsel reports that appellant now claims the letters were never received. After the time for appeal had expired counsel made a refund to appellant and informed him that the time for appeal had run. Counsel states that appellant now insists the appeal be prosecuted.

■ While the petition contains an assertion that counsel assumes responsibility for the failure to file the record, which would bring the case within the ambit of our Per Curiam in *In Re Belated Appeals in Criminal Cases*, 265 Ark. 964 (1979), we find that the allegations of the petition reflect that the failure was not the fault of counsel, but was entirely attributable to the appellant. That being so, our Per Curiam has no application and the motion for a rule on the clerk is denied.

PURTLE, J., concurs.

JOHN I. PURTLE, Justice, concurring. I concur in the result reached in this case because it is obvious that the responsibility for failure to perfect the appeal lies entirely with the appellant. However, I concur in order to prevent a misunderstanding of the opinion of the court.

An attorney of record desiring to withdraw from a case, or failing to perfect an appeal, must follow the provisions of A.R.Cr.P. Rule 36.26 and Ark. Sup. Ct. Rule 11(h) as explained in *Finnie* v. *State*, 265 Ark. 941, 582 S.W.2d 19 (1979). An attorney of record who fails to perfect an appeal must obtain permission to withdraw from the case or he will face a substantial risk of subsequently being held ineffective.