**Edward LITTLE, Appellant,**

v.

**A.L. LOCKHART, Director Arkansas Department of Correction, Appellee.**

No. 88–1448.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 13, 1988.

Decided Feb. 27, 1989.

---

John R. VanWinkle, Fort Smith, Ark., for appellant.

Jack Gillean, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before McMILLIAN and BEAM, Circuit Judges, and WHIPPLE,[*] District Judge.

WHIPPLE, District Judge.

Appellant, Edward Little, appeals from an order of the United States District Court for the Eastern District of Arkansas[1] adopting a magistrate's[2] recommendation to deny a petition for a writ of habeas corpus. Appellant raises three points on appeal, asserting (1) ineffective assistance of counsel at trial, (2) that he did not knowingly and voluntarily dismiss his prior appeal, and (3) a minor has no capacity to waive an appeal. For the reasons set forth below, the decision of the district court will be affirmed.

Appellant was convicted in Pulaski County, Arkansas, Circuit Court of capital murder and was sentenced to life without parole. After filing his notice of appeal with the trial court, appellant signed an affidavit allowing his attorney to file a motion dismissing his appeal. On January 22, 1985, appellant filed a petition for a writ of habeas corpus in United States District Court. In the petition, appellant alleged he was not informed of the consequences of his waiver and, therefore, the waiver was not made knowingly and intelligently. He also alleged ineffective assistance of counsel.

In a hearing on March 5, 1987, before the magistrate, appellant raised the issue of whether a minor has the legal capacity to waive his constitutional right to an appeal. The magistrate submitted proposed findings of fact and conclusions of law on September 8, 1987. The magistrate found (1) the ineffective-assistance claim had no merit, (2) the appeal dismissal was knowing and voluntary, and (3) there was no rule that a minor is legally incapable of waiving

---

[*] The HONORABLE DEAN WHIPPLE, United States District Judge for the Western District of Missouri, sitting by designation.

[1] The HONORABLE HENRY WOODS.

[2] The HONORABLE JOHN F. FORSTER, JR.

appeal. The district court judge adopted the proposed findings of fact, conclusions of law, and recommendation in an order entered by the district judge on February 18, 1988.

■ Regarding ineffective assistance of counsel, appellant contends he dropped his appeal to the Arkansas Supreme Court because his attorney advised him to dismiss the appeal. Appellant contends his attorney told him that if he prevailed on the appeal and got a new trial, he could be facing the death penalty again. Appellant also contends this attorney advised him that the attorney would pursue the appeal through federal court. Testimony of three inmates at the magistrate's hearing supported appellant.

However, other testimony was contrary to appellant's contention. His trial counsel testified that he did not urge appellant to drop the appeal, or that he could face a worse penalty. Trial counsel also testified that the notice of appeal was filed over appellant's objections because the attorneys hoped he would change his mind and agree to an appeal. One trial attorney further testified that the decision to dismiss the appeal was against his advice. An affidavit signed by appellant, and accompanying the motion to dismiss the appeal, said the appeal had been filed over his objection and was being dismissed at his request.

The magistrate made a credibility determination in resolving the conflict between the inmates' testimony and the lawyers' testimony. The magistrate chose to believe the lawyers. The district court adopted that finding. Credibility determinations are to be upheld unless they are clearly erroneous. *See Anderson v. City of Bessemer City*, 470 U.S. 564, 574–575, 105 S.Ct. 1504, 1511–1512, 84 L.Ed.2d 518 (1985). A reviewing court is to afford great deference to a trial judge's findings of fact because of the trial judge's ability to assess demeanor and tone of voice of the witness. *Id.*, 470 U.S. at 574–575, 105 S.Ct. at 1511–1512.

Considering the conflicting evidence, and the need to make credibility determinations, we cannot say the district court was clearly erroneous in adopting the magistrate's proposed findings of fact and the recommendation. The district court will be affirmed in regard to the claim of ineffective assistance of counsel.

■ In regard to the voluntariness issue, appellant relies upon his youth to assert his dismissal of appeal was not voluntary. Appellant was sixteen years old when the appeal was dismissed. The evidence conflicted somewhat on how well or poorly appellant could read. Appellant claimed he could read only at a second-grade or third-grade level. His trial counsel testified that they provided books to appellant at his request, and that they talked with appellant about the books—leading the trial attorneys to conclude he could read.

There was evidence that, in an independent evaluation on behalf of the defense, appellant was competent to stand trial. There was further evidence that appellant had resisted an appeal, even though his rights had been explained to him. A totality-of-the-circumstances approach was applied in *Fare v. Michael C.*, 442 U.S. 707, 725, 99 S.Ct. 2560, 2572, 61 L.Ed.2d 197 (1979) to determine whether a juvenile has waived his rights. The evaluation includes the juvenile's age, experience, education, background, intelligence, and whether he has the capacity to understand the warnings given to him, the nature of the rights and the consequences of waiving. *Id.*

Upon a review of the record, there appears to be ample credible evidence to support the finding that the decision to withdraw was made voluntarily and knowingly. The totality of the circumstances reveals that the decision was made with intelligence, knowledge and voluntariness. We cannot say that the district court was clearly erroneous in adopting that finding.

■ In regard to the claim that a minor cannot waive appeal, we decline to make new law on that point. A defendant may relinquish constitutional rights by making a knowing and intelligent waiver. *See, Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938). And it is well-settled that a minor may waive rights protecting against self-incrimination.

*See United States v. White Bear,* 668 F.2d 409, 412 (8th Cir.1982) (17–year–old defendant was not deprived due process or fundamental fairness, and his confession was not the product of threats or ignorance of rights or of adolescent fantasy, fright or despair.) *See also, Cotton v. United States,* 446 F.2d 107, 110 (8th Cir.1971) (15–year–old had given voluntary confession, despite his contention that his immaturity prevented a voluntary waiver of constitutional rights—even after a warning of his constitutional rights.)

■ Certainly appellant's youth is a factor in determining whether he was incapable of waiving his appeal. However, it is only one factor. In light of the other evidence, particularly concerning the advice given to appellant, we cannot say the district court was clearly erroneous in denying the petition for a writ. The district court was not bound to create a new rule of law by holding that minors are legally incapable of waiving an appeal. We also decline to create such a new rule.

We affirm the district court's conclusion that (1) appellant did not suffer from ineffective assistance of counsel, (2) that he knowingly and voluntarily dismissed his original appeal, and (3) that he was legally capable of waiving his appeal.