Douglas Wayne EASTER, Petitioner,

v.

A.L. LOCKHART, Director, Arkansas Department of Correction, Respondent.

Civ. No. PB–C–90–443.

United States District Court,
E.D. Arkansas,
Pine Bluff Division.

June 26, 1991.

Maxie G. Kizer, Pine Bluff, Ark., for petitioner.

Winston Bryant, Atty. Gen. of Ark. by Jack Gillean, Asst. Atty. Gen., Little Rock, Ark., for respondent.

## MEMORANDUM OPINION AND ORDER

GEORGE HOWARD, Jr., District Judge.

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that he received ineffective assistance of counsel. The Magistrate Judge found that petitioner had procedurally de-

faulted with regard to five of the six grounds.[1] The Magistrate Judge found that petitioner's sixth ground, that counsel was ineffective in failing to perfect and file an appeal, was without merit as petitioner had waived his right to appeal.

The Court has carefully reviewed the record and finds that the Magistrate Judge's finding with regard to the sixth ground must be rejected. As is discussed below, the Court finds that petitioner's trial counsel was ineffective in failing to perfect and file an appeal, or in failing to take the necessary steps to preserve petitioner's right to appeal.

Petitioner was found guilty by a jury in the Circuit Court of Nevada County, Arkansas, on October 27, 1986, of aggravated robbery. He was sentenced to twenty years' imprisonment. Petitioner did not appeal his conviction within the appropriate time period, but later filed a request for a belated appeal, alleging that his attorney had failed to perfect an appeal despite petitioner's desire that he do so.

On February 8, 1988, the Arkansas Supreme Court remanded the case to the trial court for a hearing on the request for a belated appeal. The trial court, based on the evidence adduced at the hearing, found that petitioner had knowingly, intelligently and voluntarily waived his right to appeal. Based on the trial court's findings, the Arkansas Supreme Court denied petitioner's motion for belated appeal. Petitioner then filed the instant petition.

■ Petitioner has a constitutional right to effective assistance of counsel on appeal. *Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). The right applies whether counsel is appointed or, as in this instance, retained. When a criminal defendant fails to obtain fair appellate review of his or her conviction, she or he is deprived of the constitutional right to appellate review of the conviction. *Bell v. Lockhart,* 795 F.2d 655, 657 (8th Cir.1986). *See also Estes v. U.S.,* 883 F.2d 645, 648 (8th Cir.1989) (counsel's failure to file a notice of appeal when so instructed by a client constitutes ineffective assistance of counsel). A defendant may however waive his or her right to appeal by failing to inform counsel that he or she wishes to appeal. *Henderson v. State,* 278 Ark. 107, 643 S.W.2d 541 (1982). *See Little v. Lockhart,* 868 F.2d 989 (8th Cir.1989), *cert. denied,* 493 U.S. 916, 110 S.Ct. 276, 107 L.Ed.2d 256 (1989) (court found that minor had knowingly and voluntarily dismissed his appeal)

■ In this case, the state trial court held an evidentiary hearing at which petitioner, his mother, and his trial counsel appeared. Based on the evidence, the trial court found that petitioner had knowingly, intelligently, and voluntarily waived his right to appeal. In particular, the trial court found: (1) that petitioner's trial attorney was retained by petitioner's family only for the trial and not for an appeal; (2) that at the time petitioner was found guilty and sentenced, the trial judge advised petitioner that he had thirty days in which to perfect his appeal; and (3) that petitioner and his mother had discussed a fee arrangement for the appeal with counsel and that "they knew that they had not reached an agreement as to the appeal" because "they felt the fee was too much or they felt that they could not afford that amount."

The Magistrate Judge agreed with the trial court, noting that the trial court's finding of a voluntary waiver of petitioner's right to appeal is entitled to a presumption of correctness.

■ Under 28 U.S.C. § 2254(d), a state court's findings after an evidentiary hear-

---

**1.** The five grounds on which petitioner procedurally defaulted are: (i) Counsel was ineffective at trial; (ii) counsel failed to adequately investigate the case; (iii) counsel failed to adequately prepare for trial and failed to adequately prepare petition for testifying at trial; (iv) counsel erroneously advised petitioner to admit to committing the offense and plead for mercy from the jury; and (v) counsel failed to file any pretrial motions that could have resulted in the suppression of the statements made by petitioner or others.

The Court agrees with the Magistrate Judge's finding of procedural default with regard to these five grounds, and adopts that portion of the Magistrate Judge's Findings and Recommendation (pages 1–5) which find that grounds 1(a), (b), (c), (d) and (f) are not properly before the Court.

ing on factual issues shall be presumed to be correct unless the petitioner can establish that one of eight enumerated exceptions apply. *Sumner v. Mata,* 455 U.S. 591, 102 S.Ct. 1303, 71 L.Ed.2d 480 (1982). The "appropriate methodology for distinguishing questions of fact from questions of law has been, to say the least, elusive." *Miller v. Fenton,* 474 U.S. 104, 106 S.Ct. 445, 451, 88 L.Ed.2d 405 (1985) (holding that the voluntariness of a confession is not an issue of fact entitled to the § 2254(d) presumption but is a legal question meriting independent consideration in a federal habeas corpus proceeding). This circuit appears to hold that whether a waiver is knowing, voluntary and intelligent is a legal conclusion but that the state court findings of fact underlying the conclusion are presumed correct unless one of the eight subsections of § 2254(d) applies. *Henderson v. Smith,* 903 F.2d 534, 537 (8th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 529, 112 L.Ed.2d 539 (1990). *See also Cuyler v. Sullivan,* 446 U.S. 335, 342, 100 S.Ct. 1708, 1715, 64 L.Ed.2d 333 (1980) (issues of fact refer to basic, primary or historical facts)

As stated above, the trial court made three specific findings. They are presumed correct unless an exception applies.

After the Court received the recommended disposition from the Magistrate Judge, the Court directed respondent to file that portion of the transcript where the trial judge informed petitioner of his right to appeal. That portion of the transcript was provided and reveals that the trial judge never informed petitioner of his right

to appeal.[2] Thus, the trial court's finding that petitioner had been so advised is erroneous. *See* 28 U.S.C. § 2254(d)(8).

The Court has reviewed the record and concludes under the totality of the circumstances that petitioner did not voluntarily, knowingly, and intelligently waive his right to appeal. In particular, the Court finds that petitioner was never advised by the trial court of his right to appeal. Such advice is mandated by Arkansas statute. *See* Ark.Stat.Ann. § 43–2301 (Repl.1977) ("At the time sentence is announced and judgment entered, the trial judge must advise the defendant of his right to appeal and either fix or deny bond."), subsequently renumbered A.C.A. § 16–90–105(d) (1987). *See also* A.R.Cr.P. 36.4 ("At the time sentence is pronounced and judgment entered, the trial judge must advise the defendant of his right to appeal, the period of time prescribed for perfecting the appeal, and either fix or deny bond.")

The record also establishes that petitioner and his mother made their desire to appeal known to counsel, but that an agreement had not been reached regarding the employment of counsel for the appeal. The record further establishes that petitioner was never informed that if he could not afford counsel, one would be appointed for him. At the most, his trial counsel informed him that he would withdraw, and petitioner "was free" to petition the trial court for appointment of counsel. The record supports petitioner's assertions that in the absence of any further notification or motion to withdraw from his counsel, he believed that counsel had filed a notice of

---

**2.** The entire sentencing proceeding is as follows:
BY THE COURT:
In conformity with the jury verdict, it's considered and ordered by the Court that you're guilty of aggravated robbery and you're sentenced to the Arkansas Department of Corrections for a general sentence of 15 years.
Mr. Easter, do you have anything to say before I pronounce sentence?
BY MR. EASTER:
No, sir.
BY THE COURT:
It is considered, ordered, and adjudged by the Court, in conformity with the jury verdict, that you are guilty as charged and you're sentenced to the Arkansas Department of Corrections for a general sentence of 20 years.

Arkansas is one of three states which still adheres to the jury setting punishment. All of the other states in the union, the jury finds guilt or innocence and then it is left to the Court.
Do you have any questions? You may go with the Sheriff.
BY MR. HONEY:
Judge, will he be given credit for time in jail.
BY THE COURT:
How long were you in jail?
BY MR. LOVE:
41 days.
BY THE COURT:
41 days. You get jail time credit for 41 days.
END OF SENTENCE PROCEEDINGS

appeal. In sum, the Court finds that petitioner did not knowingly, voluntarily and intelligently waive his right to appeal.

■ The trial court did not find, and this Court cannot find, that petitioner did not make known his desire to appeal to counsel. That a dispute existed over the fee did not relieve counsel of his duty to represent petitioner, once he made known his desire to appeal. Rule 36.26 of the Arkansas Rules of Criminal Procedure provides:

Trial counsel, whether retained or court appointed, shall continue to represent a convicted defendant throughout any appeal to the Arkansas Supreme Court, unless permitted by the trial court or the Arkansas Supreme Court to withdraw in the interest of justice or for other sufficient cause.

■ Furthermore, Rule 11(h) of the Rules of the Supreme Court of Arkansas places upon an attorney certain duties if he or she intends to withdraw from the case. *Finnie v. State*, 265 Ark. 941, 582 S.W.2d 19 (1979). These duties include obtaining permission from the trial court to withdraw from the case, with a statement of the reasons for the request. The client should receive a copy of the request for withdrawal, and the order granting the withdrawal. *Id.* at 943, 582 S.W.2d 19.

In this case, counsel did not seek to withdraw. He did not inform petitioner that he was entitled to appointed counsel for the purpose of appeal. Counsel's failure to file a notice of appeal was clearly deficient performance and constituted ineffective assistance of counsel. *See Abels v. Kaiser*, 913 F.2d 821, 823 (10th Cir.1990) (counsel's failure to perfect the appeal when he had not been relieved of his duties through a successful withdrawal was a violation of the defendant's constitutional right to effective assistance of counsel on his appeal).

This circuit has held that where ineffective assistance of counsel deprives a defendant of his or her right to appeal, courts have not required a showing of prejudice or likely success on appeal. *Estes v. U.S.*, 883 F.2d 645 (8th Cir.1989). *See also Lozada v. Deeds*, — U.S. —, 111 S.Ct. 860, 862, 112 L.Ed.2d 956 (1991) (approving in *dicta* the presumption of prejudice used in *Estes* ).

Having found that petitioner's constitutional right to effective assistance of counsel has been violated, the State of Arkansas is directed to grant petitioner leave to appeal within ninety days of the entry of judgment. If the state refuses to permit the appeal within the ninety days, the writ shall issue discharging petitioner. *See Bell v. Lockhart*, 795 F.2d 655 (8th Cir.1986).

IT IS SO ORDERED.