Cite as 2021 Ark. 160
# SUPREME COURT OF ARKANSAS
**No.** CR–81–130

| | |
|---|---|
| | **Opinion Delivered:** September 16, 2021 |
| LUTHER X. HALL<br><br>PETITIONER<br><br>V.<br><br>STATE OF ARKANSAS<br><br>RESPONDENT | PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS [PULASKI COUNTY CIRCUIT COURT, FIFTH DIVISION, NOS. 60CR–80–2160; 60CR–80–2159] |
| | PETITION DENIED. |

**BARBARA W. WEBB, Justice**

Petitioner Luther X. Hall brings this pro se petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis.[1] In the petition, Hall alleges that he was denied counsel for four months prior to his trial and that such a fundamental violation of his Sixth Amendment right entitles him to coram nobis relief. Because Hall fails to state sufficient grounds for such relief, we deny the petition.

---

[1]In the title of his petition, Hall alleges that he is seeking to reinvest jurisdiction in the trial court for the purpose of considering a renewed Rule 37 petition. In 1981, a Rule 37 petitioner was required to obtain permission from this court to file the petition in the trial court. Hall previously filed such a petition, which was denied by this court. *Hall v. State*, CR 81–130 (Ark. June 20, 1983) (unpublished). Moreover, under the previous Rule, a petition for postconviction relief had to be filed within three years from the date of the commitment unless the judgment was absolutely void. *Smothers v. State*, 273 Ark. 518, 621 S.W.2d 475 (1981). Here, Hall has not demonstrated that the judgment in his case was absolutely void.

I. *Background*

On June 15, 1981, Hall was convicted by a Pulaski County jury of two counts of capital murder and one count of second-degree murder in a separate trial that took place on August 25, 1981. He was sentenced to life imprisonment without parole on the capital charges and to a term of thirty years' imprisonment on the second-degree murder conviction. The cases were consolidated on appeal. We affirmed. *Hall v. State*, 276 Ark. 245, 634 S.W.2d 115 (1982).

The convictions arose when Hall acted as a lookout while his two accomplices killed Leonard Jones and Carl Jackson by shooting them repeatedly while they were tied up in the trunk of a car. After that, Hall and his accomplices robbed Rosemary Bogard and killed her in the course of that crime. *Id.* Hall's argument on appeal that his confession to the crimes was involuntary was rejected by this court. *Id.* In affirming his convictions and the voluntary nature of Hall's confession, this court set forth the facts surrounding his arrest, his initial court appearance, and his decision to provide a statement to investigators. In so doing, this court pointed out that within a few days of his arrest, Hall was taken before the court where his rights were explained to him, including his right to appointment of counsel. *Id.* Hall informed the court that he intended to retain his own counsel, and upon being returned to the jail, Hall told investigators that he wanted to make a statement. After being informed of his rights, Hall gave a detailed confession to the crimes that was recorded and introduced at the trial for the murder of Jones and Jackson. *Id.*

Hall subsequently filed a petition for Rule 37 relief raising multiple allegations of ineffective assistance of counsel, all of which were rejected. *Hall v. State*, CR 81-130 (Ark. June 20, 1983) (unpublished per curiam).

## II. *Writ of Error Coram Nobis*

The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Green v. State*, 2016 Ark. 386, 502 S.W.3d 524. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

A writ of error coram nobis is available to address certain errors found in one of four categories: (1) insanity at the time of trial; (2) a coerced guilty plea; (3) material evidence withheld by the prosecutor; and (4) a third-party confession to the crime during the time between conviction and appeal.[2] *Linell v. State,* 2020 Ark. 253, 602 S.W. 3d 117. The

---

[2] This court has extended the writ in compelling circumstances to ensure due process and prevent a miscarriage of justice. See *Strawhacker v. State,* 2016 Ark. 348, 500 S.W. 3d 716.

function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of judgment. *E.g.*, *White v. State*, 2014 Ark. 348, at 2, 438 S.W.3d 916, 917–18 (per curiam). The burden is on the petitioner in the application for coram nobis relief to make a full disclosure of specific facts relied upon and not to merely state conclusions as to the nature of such facts. *McCullough v. State*, 2017 Ark. 292, 528 S.W.3d 833.

### III. *Claims for Relief*

Hall argues that he is entitled to coram nobis relief because he was arrested in December 1980, was not appointed an attorney until April 13, 1981, and went to trial on June 15, 1981, for the murders of Jones and Jackson. Hall asserts that the delay in the appointment of counsel affected the ability of counsel to investigate his case and to call witnesses that would have provided an alibi and other favorable testimony. Hall further alleges that his appointed attorney was ineffective for failing to thoroughly investigate his case or to subpoena witnesses that Hall had suggested would aid in the defense. Hall appears to attribute his allegedly invalid convictions to both the delay in appointment of counsel and to the ineffective assistance of his appointed counsel.

The allegations raised by Hall do not set out facts that were extrinsic to the record and otherwise do not fall within the five categories recognized as grounds for issuance of the writ. *Howard*, 2012 Ark. 177, 403 S.W.3d 38. Hall argues that the failure to appoint counsel for four months while he awaited trial constitutes a violation of his fundamental rights and should therefore be recognized as an exception under our holding in *Strawhacker*

*v. State*, 2016 Ark. 348, 500 S.W.3d 716. Hall is mistaken. In *Strawhacker*, the facts alleged in the coram nobis petition questioned the reliability of testimony from a government expert at trial, were unknown at the time of the trial, and potentially affected the trial's outcome. Hall's allegation regarding the delayed appointment of counsel was not unknown at the time of his trial and could have been remedied at that time by requesting a continuance. Indeed, in Hall's original Rule 37 petition, Hall alleged that counsel was ineffective by failing to request a continuance. *See Hall*, CR 81–130 (Ark. June 20, 1983).

In essence, Hall's claims for coram nobis relief represent claims of ineffective assistance of counsel. Allegations of ineffective assistance of counsel do not support issuance of the writ of error coram nobis. *Henington v. State*, 2020 Ark. 11, 590 S.W.3d 736. Coram nobis proceedings are not to be used as a substitute for timely raising claims of ineffective assistance of counsel under Rule 37.1. *Id.*

Petition denied.

*Luther X. Hall*, pro se petitioner.

*Leslie Rutledge*, Att'y Gen., by: *Michael L. Yarbrough*, Ass't Att'y Gen., for respondent.

5